[Crim. No. 1053.   Fourth Dist.   Feb. 23, 1956.]

THE PEOPLE, Respondent, v. SAMUEL C. D.
STONOM, JR., Appellant.

Samuel C. D. Stonom, Jr., in pro. per., and J. Robert
O'Connor, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E.
James, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with the
murder of his wife.  Counsel was appointed by the court and
he entered a plea of not guilty.  On the second day of the

trial, with the permission of the court, he withdrew his plea of not guilty and pleaded guilty. A hearing was then held for the purpose of enabling the court to fix the degree of murder, at which exhibits were introduced and a number of witnesses examined, including the defendant and another witness on his behalf. The court fixed the degree at first degree murder. A motion for a new trial was denied and the defendant was sentenced to life imprisonment, the judgment being entered on February 16, 1955. No appeal was taken from the judgment.

The defendant filed, in propria persona, a verified motion to set aside the judgment. While this is dated August 28, 1955, it was filed on September 28, 1955. It was accompanied by a motion for the appointment of counsel. On September 28, 1955, the court entered an order denying the motion to set aside the judgment, and denying the motion for appointment of counsel.

On October 5, 1955, the defendant, in propria persona, gave notice of appeal from the final judgment of conviction entered in the action, from the order denying his motion for a new trial, and from the order denying his motion to set aside the judgment. The defendant filed an opening brief and thereafter requested this court to appoint counsel to represent him on this appeal. This court appointed the same attorney who had represented him at the original trial, and this attorney then filed another brief.

The motion to set aside the judgment sets forth a large number of grounds upon which it is based, including the insufficiency of the evidence, errors in connection with the admission of evidence, and prejudice on the part of the trial judge. Among the grounds stated was the following: "The defendant was influenced to change his plea of not guilty to guilty through fear of the death penalty by Coroner J. C. Canale. Defendant was further persuaded to change his plea by Officer Creason as to his belief."

It clearly appears that most of the grounds alleged as a basis for the motion are without merit, being matters which would have been reviewable on an appeal. (*People* v. *Adamson*, 34 Cal.2d 320 [210 P.2d 13].) The appellant now contends, however, that the allegation in his motion to set aside the judgment that he was influenced to change his plea by Coroner J. C. Canale, and further persuaded by Officer Creason, was a sufficient allegation under the rules governing an

application for a writ of error *coram nobis*; that if the court had originally been informed of the facts in that connection it would not have permitted him to withdraw his plea of not guilty and enter a plea of guilty; that the court erred in failing to grant his request for the appointment of counsel to represent him in that stage of the proceedings; that the defendant was then confined in the state prison where he could not properly prepare and present this motion; and that had he been afforded appointment of counsel to assist him in presenting that matter the writ should have been granted.

While the motion to set aside the judgment was verified, the allegation here in question was not only a pure conclusion but it set forth no statement of fact with sufficient clarity or definiteness to have enabled the parties named to properly answer or deny the same had they been called upon to do so. The motion was not properly supported by any allegations made therein. (*People* v. *Campos*, 3 Cal.2d 15 [43 P.2d 274].) What was said by the persons named which caused the defendant to be influenced or persuaded is in no way stated or even indicated. Moreover, nothing is stated to indicate any connection between the persons named and the officials authorized to act in connection with the action. So far as the record shows, the situation is the same as though some indefinite statements had been made to the defendant by outsiders who had no connection with the prosecution of the case. (*People* v. *Martinez*, 88 Cal.App.2d 767 [199 P.2d 375]; *People* v. *Gilbert*, 25 Cal.2d 422 [154 P.2d 657].) In addition, it is well settled that it is essential to the availability of such a writ that the facts relied upon for relief were not known to the petitioner at the time of the trial, that he had used due diligence after discovering the facts, and that the application for the writ should also set forth the time and circumstances under which the facts were discovered, in order that the court can determine whether due diligence has been used. (*People* v. *Shorts*, 32 Cal.2d 502 [197 P.2d 330].) No showing as to lack of knowledge at the time of judgment, or as to the matter of diligence, was here made and no explanation of the delay was offered.

So far as anything that appears in the record is concerned, the motion to set aside the judgment was not sufficient to require the trial judge to call these persons in or conduct a hearing in the ordinary sense. Under these circumstances, there was nothing before the court which would require the appointment of an attorney. It may further be observed in

this connection that the request for the appointment of counsel which accompanied the motion stated as a reason therefor that the defendant was unable to protect his rights "because of his ignorance of procedures of the law and its intricate process." There was no allegation or statement that the defendant was without funds or that he was unable to employ counsel. (Pen. Code, § 987.) So far as the record shows he may have been well able to do so.

In our opinion, the showing here made is not sufficient to justify a reversal of the order denying the motion to set aside the judgment. However, there is nothing to prevent the making of a proper application in that regard, if facts exist which would warrant that action.

The purported appeals from the judgment and from the order denying a new trial are dismissed. The order denying the motion to vacate the judgment is affirmed.

Griffin, J., and Mussell, J., concurred.