[Crim. No. 47. Fifth Dist. Mar. 14, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. NORMAN S. PAINTER, Defendant and Appellant.

Tom Okawara, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Plaintiff and Respondent.

BROWN, (R. M.), J.—Appellant filed, in propria persona, a motion to vacate a "void" judgment on November 24, 1961, having pled "guilty" on July 10, 1961, to an information charging him with grand theft of an automobile, a violation of Penal Code section 487, subdivision 3, and admitting three prior convictions, and after the denial of probation having been sentenced on July 24, 1961, to the term prescribed by law. Appellant did not move for a new trial or appeal from the judgment.

The augmented record indicates that the appellant and one Espinosa were charged with stealing an automobile, that Espinosa took the automobile from a parking lot, picked up appellant on a nearby highway where he was waiting, and they were shortly thereafter arrested.

At the preliminary examination the appellant was advised of his rights to an attorney and both appellant and Espinosa stated that they were going to plead "guilty." The appellant testified that he and Espinosa were going to Los Angeles and planned to take someone else's car from a parking lot, though appellant had a bus ticket to Los Angeles in his pocket.

In a statement made to the district attorney prior to the preliminary hearing the appellant stated that he did not re-

ceive any promises about a reduction in the charges or any promise of leniency.

At the arraignment the appellant was again advised of his rights, waived the appointment of counsel, and pled "guilty, your Honor, with a statement." At that time the court advised him that the statement could come out in the course of the probation report. The court appointed a counsel for Espinosa, who also pled "guilty."

The probation report recites appellant's statement that he was thumbing a ride to Los Angeles and that he did not know the car was stolen and the report also shows that appellant had requested the arresting officers to charge him with joyriding and he would plead guilty. The probation report recommended against probation and there was no mention therein of any promises to induce appellant's plea of guilty, and on the same day he was sentenced to prison.

Thereafter, appellant, while in Folsom prison, made a motion to vacate a "void" judgment in which he stated that his plea of guilty was obtained by fraud, deceit, intimidation and false promises and the mistaken belief, on which he relied, in the false promise of the district attorney that he would receive only a county jail sentence without a jury trial. This we can consider in the nature of *coram nobis*. (*People* v. *Shorts*, 32 Cal.2d 502 [197 P.2d 330].) In due time the motion came up for hearing and on December 28th the court below appointed Attorney Okawara to represent appellant. The matter was continued from time to time.

The deputy district attorney filed an affidavit dated January 11, 1962, in which he states that the appellant was questioned on June 20, 1961, at which time appellant admitted he was guilty of the theft of the automobile, but that ". . . at no time . . . , did your Affiant [the deputy district attorney] or any other law enforcement official make any promises of leniency" to the appellant or any promises that the appellant would "be charged with a misdemeanor offense, or that he would be given local time, nor did your Affiant or any other law enforcement official ever make any threat against the [appellant]," or intimidate him in any way.

Then the appellant made and filed his affidavit dated January 17, 1962, in which he stated that on July 19, 1961, while in the county jail a man came and talked to him stating that he was from the district attorney's office but not giving his name, and said that if appellant would plead guilty he would get 90 days; and again on the same date the same man stated that if appellant would plead guilty the appellant would get a

year in the county jail; that following this, another man came in, said he was from the district attorney's office and wanted appellant to make a statement, which was done, and this man further stated that appellant would not need a lawyer as the judge would be seen and appellant would get a jail sentence. No effort appears to have been made in any of the hearings to identify the parties from the district attorney's office.

These are the only affidavits on file and the only other information given by the appellant is set forth in his brief in support of his motion when it was originally filed.

After these affidavits were received, the matter was taken under advisement on January 23, 1962. On March 21, 1962, the court made its ruling in which it stated that, ". . . the Court now having given due consideration of said matter, and being fully advised in the premises," the motion is "denied on the grounds that the motion was not timely filed." The appellant filed his notice of appeal on March 27, 1962.

While appellant filed his motion, affidavit and briefs in propria persona, this court reappointed appellant's former attorney, Mr. Okawara, to represent him on appeal.

Without merit are appellant's views that he should have had a jury trial in spite of his plea of guilty (*People* v. *Evans*, 185 Cal.App.2d 331 [8 Cal.Rptr. 410]; *People* v. *Lewis*, 166 Cal.App.2d 602 [333 P.2d 428]; 14 Cal.Jur.2d, Criminal Law, § 247, p. 492); that the judge's decision was not made within 90 days (submitted January 23, 1962, and motion denied March 21, 1962); that this motion was made under Code of Civil Procedure section 473 (which it is not); and that his motion was renamed a motion for writ of *coram nobis* without his consent.

A motion to vacate the judgment is in legal effect a proceeding for a writ of error *coram nobis*. (*People* v. *Dowding*, 185 Cal.App.2d 274 [8 Cal.Rptr. 208]; *People* v. *Lewis*, 157 Cal.App.2d 722 [321 P.2d 859]; *In re Lindley*, 29 Cal.2d 709, 726 [177 P.2d 918]; *People* v. *Harincar*, 49 Cal.App.2d 594, 595-596 [121 P.2d 751]; *People* v. *Butterfield*, 37 Cal. App.2d 140 [99 P.2d 310]; *People* v. *Vernon*, 9 Cal.App.2d 138 [49 P.2d 326]; Fricke, Criminal Procedure, p. 189.)

Appellant also complains that in the information he was charged with violation of Penal Code section 487, subdivision 3, which covers grand theft of an automobile. It is his mistaken belief that there are still two degrees of theft, grand and petty, as far as automobiles are concerned (Pen. Code, § 486); and implied that he should have been charged under

Penal Code section 1426 (which was repealed in 1951); and that there was no evaluation of the automobile in the information to show that it exceeded $200 (which is only required in § 487, subd. 1).

In the present case, while the appellant knew all the facts upon which he relied for relief at the time he was sentenced, at no time did he know or could he know the judge's sentence. He was delayed in filing his motion until December 13, 1961, because he did not actually gain possession of certain of his legal papers which had been on deposit at the medical facility at Vacaville. Such delay is reasonable. In *People* v. *Butterfield, supra,* 37 Cal.App.2d 140, the motion was filed 10 months after the judgment of the court.

If the grounds for relief are known to appellant at the time of the trial they must be called to the attention of the trial court and if not, they cannot be raised for the first time by means of a writ of *coram nobis. (People* v. *Evans, supra,* 185 Cal.App.2d 331, 333; *People* v. *Schuman,* 98 Cal. App.2d 140 [219 P.2d 36]; *People* v. *Middleworth,* 104 Cal. App.2d 782, 784 [232 P.2d 549].)

And in *People* v. *Shorts, supra,* 32 Cal.2d 502, 513, the court said that an applicant for the writ ". . . must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief." (*People* v. *Adamson,* 34 Cal.2d 320, 327 [210 P.2d 13]; *People* v. *Slater,* 152 Cal.App.2d 814, 816-817 [313 P.2d 111].)

Thus, *coram nobis* will not lie when the facts relied upon by the petitioner were known to him at the time he entered his plea or received judgment, but here he did not know the final important fact.

It has been the Attorney General's position that because the appellant knew of certain facts prior to time of sentence, the writ would not lie because of the timeliness being comparable to diligence. The difficulty we find with this reasoning is that while the appellant knew some of the facts which were the basis of his belief that he had a promise of a lighter sentence, until judgment was pronounced he could not have known what the judgment was going to be. It is perfectly reasonable for him to have believed that a promise of a joyriding sentence would be performed. Until judgment was pronounced there was nothing that he could do to protect his rights.

At the entry of plea he pled guilty "with a statement," and the court stated that, ". . . the statement can come out in the course of the probation report." The probation officer's report, in which probation was denied, still could have led appellant to believe that he would be getting a jail sentence. If there was a promise, its failure to be performed was not known to appellant until judgment was actually pronounced. Appellant having no ground to move for a new trial or to appeal, his only remaining remedy was for a motion to vacate the judgment.

In *People* v. *Butterfield, supra,* 37 Cal.App.2d 140, 141, in a similar situation, the Attorney General moved to dismiss the appeal on the ground that the petitioner waived his right to a writ of *coram nobis* by failing to appeal from the judgment on his guilty plea, and that he was guilty of laches in waiting 10 months before moving to set aside the judgment of first degree murder. There was a conflict in the testimony as to whether there was authorization for a "stoolpigeon" to have made a promise of a sentence of manslaughter instead of first degree murder if a plea of guilty was entered, and if there was such a promise, the court held that it wrongfully induced the defendant to plead guilty and thus deprived him of a trial by jury.

It appears to us in the present case that the lower court decided this matter only on the basis of timeliness and not on the merits, and during the hearing on the motion, stated: "I don't see how he could admit it more emphatically, but that is neither here nor there, for the moment. I am still uncertain as to whether or not I can receive testimony. Of course any testimony that has been offered today by form of affidavit is understood to be subject to that objection. I don't know whether I have any authority to receive any evidence on the point raised by the motion, or whether or not I have to accept the record as it stands."

The position that the appellant knew that by his plea of guilty to the grand theft charge he could not get a joyriding sentence may be dispelled by his ignorance and belief that punishment of grand theft does include a jail sentence, which was the type that he was going to get. (Pen. Code, § 499b [joyriding] ; § 487, subd. 3, [grand theft].)

In examining the testimony we find there is no reporter's transcript record of anything that occurred on January 23, 1962, except in the court's minutes, and this the Attorney General was unable to explain.

Where the facts are known, such as the age of the defendant, the court said in *People* v. *Shorts, supra,* 32 Cal.2d 502, 515: ''Clearly a defendant who has knowledge of a fact but does not disclose it until after final judgment of conviction, and who does not attempt to explain his nondisclosure, has not made the requisite showing of diligence and good faith.''

The granting of a writ of *coram nobis* is discretionary (*People* v. *Evans, supra,* 185 Cal.App.2d 331, 333). Applications for such writs, the facts upon which reliance is based, whether known at the time of judgment or afterwards discovered, and other remedies by appeal or motion for new trial are thoroughly discussed in the following cases: *People* v. *Egan,* 73 Cal.App.2d 894 [167 P.2d 766]; *People* v. *Lewis, supra,* 166 Cal.App.2d 602; *People* v. *Reid,* 195 Cal. 249 [232 P. 457, 36 A.L.R. 1435]; *People* v. *Shorts, supra,* 32 Cal.2d 502; *People* v. *Harincar, supra,* 49 Cal.App.2d 594; *People* v. *Bible,* 135 Cal.App.2d 65 [286 P.2d 524]; *People* v. *Johnson,* 175 Cal.App.2d 290 [345 P.2d 952]; *People* v. *Flores,* 147 Cal.App.2d 243 [305 P.2d 90]; and *People* v. *Blalock,* 53 Cal.2d 798 [3 Cal.Rptr. 137, 349 P.2d 953].

It is our conclusion that the trial court improperly denied the motion upon the technical ground of timeliness and thus it appears that the affidavits and other evidence submitted were not considered. Since we have concluded, for the reasons above stated, that the petition was timely, the order is therefore reversed and the case is remanded to the trial court for a hearing on the merits.

Conley, P. J., and Stone, J., concurred.

A petition for a rehearing was denied April 9, 1963, and respondent's petition for a hearing by the Supreme Court was denied May, 8, 1963. Schauer, J., was of the opinion that the petition should be granted.