[Crim. No. 84.   Fifth Dist.   Nov. 27, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT LEE QUIGLEY, Defendant and Appellant.

Tom Okawara, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Plaintiff and Respondent.

CONLEY, P. J.— Robert Lee Quigley appeals from an order denying his motion to vacate a previous judgment finding him guilty of involuntary manslaughter for which he is serving a term of imprisonment. As no contention is made that the judgment in the criminal case was wholly void (*People* v. *Hoffman,* 132 Cal.App. 60 [22 P.2d 229]; *People* v. *McGee,* 1 Cal.2d 611 [36 P.2d 378]; *People* v. *Ramirez,* 139 Cal.App. 380 [33 P.2d 848]; Fricke, California Criminal Procedure (5th ed. 1959) p. 189), this motion is properly treated as an application for a writ of error *coram nobis.* (*People* v. *Painter,* 214 Cal.App.2d 93, 96 [29 Cal.Rptr. 121]; *People* v. *Dowding,* 185 Cal.App.2d 274, 276 [8 Cal.Rptr. 208].)

On June 29, 1962, the defendant, represented by the Public Defender of Stanislaus County, was granted permission at his own request, by David F. Bush, the judge presiding, to withdraw his plea of not guilty of murder as charged in the indictment; he thereupon entered a plea of guilty to the lesser and included offense of involuntary manslaughter (Pen. Code, § 192, subd. 2), and on June 29, 1962, was sentenced to state's prison; he did not move for a new trial or appeal from the judgment. The present motion was filed on May 3, 1963, over 10 months after the entry of judgment.

The court below entered the following order from which the appeal is taken:

"The Court finds that said Defendant, while represented by competent counsel, moved to withdraw a plea of Not Guilty of the offense of Violation of section 187, California Penal Code, and thereafter entered a plea of Guilty of the offense of Violation of section 192, subdivision 2, of the California Penal Code, a lesser and included offense within the offense charged in the Indictment, on June 29, 1962, in the above-entitled Court.

"IT IS THEREFORE ORDERED that Motion to Vacate Judgment be and hereby is denied."

On appeal, the defendant's request for the appointment of counsel was granted, and an able and experienced attorney was named to represent him, who filed a brief.

The appeal is wholly without merit; however, the several points raised will be separately considered.

Initially, counsel for the appellant urges error in that the form of the proceedings was not as full and formal as he would desire; he points out that no counteraffidavits were filed and that the district attorney was not present at the hearing; and he draws certain inferences which appear to us to be unjustified with respect to the attention given to the moving papers in view of the form of the minute order.

■ In considering and ruling upon a petition for a writ of *coram nobis*, a trial court has a wide discretion as to the form of the hearing. It is proper for it to act entirely on affidavits, as was done in this case. (*People* v. *Block*, 134 Cal.App. 217, 218 [25 P.2d 242]; *People* v. *Perez*, 9 Cal.App. 265, 266 [98 P. 870].)

As said in *People* v. *Mendez*, 144 Cal.App.2d 500, 504 [301 P.2d 295] : "Whether the defendant's petition was to be followed by a hearing appropriate to the issues raised was entirely within the discretion of the court below."

■ Counsel draws a supposititious inference from the incorporation in the minute order of a statement that the defendant was represented by competent counsel, that the court denied the motion without considering it on its merits, and merely because the notice of motion was filed by the appellant in propria persona rather than through his attorney. This appears to us to be a wholly unjustified conclusion, which finds no reasonable support in the phraseology used. The court obviously was referring to the fact that when the defendant entered his plea of guilty to involuntary manslaughter he did so while represented and advised by a competent attorney. Such an observation reinforces the conclusion of the trial judge that there was nothing for appellant to complain about in the criminal proceedings establishing his guilt.

■ The trial judge, in passing on appellant's affidavit, had the right to reject those portions which he did not believe to be true, in accordance with the general rules relating to the duties of a trier of fact. (*People* v. *Kirk*, 98 Cal.App.

2d 687, 692 [220 P.2d 976]; *People* v. *Ayala,* 138 Cal.App.2d 243, 249 [291 P.2d 517].)

There are multiple presumptions supporting the determination of this motion by the court below. The trial judge is presumed to have carried out his duty in every respect and particular. (Code Civ. Proc., § 1963, subd. 15.) The effect of this statutory presumption is indicated in *Moreno Mut. Irr. Co.* v. *Beaumont Irr. Dist.,* 94 Cal.App.2d 766, 780 [211 P.2d 928], where it is said:

"... and where the record is silent as to what was done it will be presumed in favor of the judgment that what ought to have been done was not only done but rightly done." *In re Steve,* 73 Cal.App.2d 697, 700 [167 P.2d 243], holds:

"Also the presumptions that official duty has been performed and that the records of the prior trial are correct and the proceedings were regular, are applicable" [to *coram nobis* proceedings].

Not only does the presumption of the proper performance of official duty apply insofar as the court in this particular matter is concerned, but the conviction on the plea of guilty in the criminal case was presumably effected after regular and proper proceedings. (*In re Steve, supra,* 73 Cal.App.2d 697, 700.) The presumption also applies to the actions of the public defender in connection with his representation of the defendant. In the case of *People* v. *Lewis,* 166 Cal.App.2d 602, 605 [333 P.2d 428], it is pointed out that:

"Defendant, therefore, has the burden of overcoming the presumption in favor of the validity of the judgment by establishing through a preponderance of strong and convincing evidence [citations] that he was deprived of substantial legal rights by extrinsic causes [citations]."

(See also *People* v. *Bible,* 135 Cal.App.2d 65 [286 P.2d 524]; *People* v. *Fowler,* 175 Cal.App.2d 808, 811-812 [346 P.2d 792].)

The applicant for the writ must also show that his remedy is timely sought.

"... in *People* v. *Shorts, supra,* 32 Cal.2d 502, 513 [197 P.2d 330], the court said that an applicant for a writ '... must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' " (*People* v. *Painter, supra,* 214 Cal.App.2d 93, 97.)

(See also *People* v. *Evans,* 185 Cal.App.2d 331, 333 [8 Cal.Rptr. 410].)

In the light of the burden which applicant must bear as to allegations and proof, the court was correct in denying the motion for the writ since the motion and its supporting affidavit were fatally defective on their face. The appellant urges that he entered a plea of guilty to the charge of involuntary manslaughter because his own attorney advised it, and his brother requested him to do so. It is nowhere set out in the moving papers that the district attorney or any prosecuting official of the state had anything to do with the alleged coercion, and this is an essential factor for procuring a writ of *coram nobis.* (*People* v. *Evans, supra,* 185 Cal.App.2d 331, 334; *People* v. *Rodriguez,* 143 Cal.App.2d 506, 508 [299 P.2d 1057].)

Furthermore, it is not alleged that any advice given by his own attorney was fraudulent or even false, and the fact, if it be a fact, that a defendant's attorney gives him poor advice is not a ground for the issuance of the writ. As is said in *People* v. *Ayala, supra,* 138 Cal.App.2d 243, 249-250:

"This matter of inadequate representation is not properly raised in *coram nobis* (*People* v. *Martinelli, supra,* p. 98 [118 Cal.App.2d 94 (257 P.2d 37)]); it is likewise true of the specific claim of being forced or defrauded into entering a plea of guilty that it cannot be entertained unless it appears that the district attorney or other prosecuting official was a party to the same. 'Where the defendant's attorney makes the fraudulent representation, the rule is contrary to that which prevails when the misrepresentation is made by the prosecution. *Coram nobis* will not issue to vacate a plea of guilty on the sole ground that it was induced by a false statement of defense counsel, even if unwarranted and wilfully false.' (12 Cal.Jur.2d § 15, p. 568.)"

(See also *People* v. *Hodge,* 147 Cal.App.2d 591 [305 P.2d 957]; *People* v. *Deutsch,* 16 Cal.App.2d 121, 122 [60 P.2d 155]; *In re Steve, supra,* 73 Cal.App.2d 697, 712.)

The petition and supporting affidavit charge as pure conclusions that the district attorney, the public defender, and the grand jury entered into a conspiracy to maintain false action against the appellant and the grand jury is said to have conducted its proceedings in such a manner as to deprive the appellant of some not clearly indicated constitutional right. Appellant's counsel on appeal admits in his brief that these allegations are "fantastic charges," and he

concedes that even if they were true they could not be considered in their present form in a petition for a writ of error *coram nobis*. (*People* v. *Ayala, supra,* 138 Cal.App.2d 243, 247; *People* v. *Evans, supra,* 185 Cal.App.2d 331, 333; *People* v. *Larsen,* 144 Cal.App.2d 504, 507 [301 P.2d 298]; *People* v. *Mendez, supra,* 144 Cal.App.2d 500, 503-504; *People* v. *Stonom,* 139 Cal.App.2d 408, 410 [293 P.2d 807].)

Even if the statements regarding proceedings before the grand jury were not fatally defective for generality, they raise issues which are constitutional in nature and should be presented on motion for new trial, appeal or in habeas corpus proceedings *(People* v. *Ayala, supra,* 138 Cal.App.2d 243, 246-247; *People* v. *Fowler, supra,* 175 Cal.App.2d 808, 811; *People* v. *Mendez, supra,* 144 Cal.App.2d 500, 503).

In addition to this defect, appellant is precluded from presenting his contentions in their present form as to the grand jury since irregularities in the indictment proceedings, if any, must be raised by motion upon arraignment and before trial or they are waived (Pen. Code, § 996).

Another reason which fully justifies the ruling of the trial court is that the appellant did not show that he exercised due diligence in seeking the remedy. As is said in *People* v. *Miller,* 219 Cal.App.2d 124, 126 [32 Cal. Rptr. 660]:

"Due diligence in pursuing the remedy of *coram nobis* is required. In the absence of explanation, delay in application bars relief." In *People* v. *Adamson,* 34 Cal.2d 320, 328-329 [210 P.2d 13], it is stated what an applicant must do to meet his burden of due diligence: " 'In such cases it is necessary to aver not only the probative facts upon which the basic claim rests, but also the time and circumstances under which the facts were discovered, in order that the court can determine as a matter of law whether the litigant proceeded with due diligence; ...' (*People* v. *Shorts* (1948), *supra,* 32 Cal.2d 502, 513.)"

Here, the appellant failed even to attempt to meet this burden. He argues that he was forced to enter a plea of guilty, but he does not state when, or where, or under what circumstances such coercion took place. In view of the record, a delay of more than 10 months could well be held to bar such application for a writ, particularly as a number of the points, express or implied, involved in the application are matters which could have been urged either on a motion for a new trial or on appeal. The writ of *coram nobis* cannot be

used as a substitute for either. (Fricke, Cal. Criminal Procedure (5th ed. 1959) pp. 181-183.) The petitioner fails, by proper allegations or proof, to show the diligence which is requisite for a successful presentation. ▬ Such an application must also set forth that the facts upon which the defendant relies were not known to him or could not, in the exercise of due diligence, have been discovered by him prior to judgment or at least substantially earlier than the time of application. (*People* v. *Smith*, 108 Cal.App.2d 696 [239 P.2d 466]; *People* v. *Schuman*, 98 Cal.App.2d 140 [219 P.2d 36]; *People* v. *Bobeda*, 143 Cal.App.2d 496 [300 P.2d 97].)

As we find no merit in the appeal, the order denying the motion to vacate the judgment is affirmed.

Brown (R. M.), J., and Stone, J., concurred.

A petition for a rehearing was denied December 23, 1963.