[Crim. No. 5451.   First Dist. Div. One.   July 28, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. CALVIN B. VAUGHN, Defendant and Appellant.

Myron Moskovitz, under appointment by the District Court of Appeal and Demetrios P. Agretelis for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward P. O'Brien and Jennifer L. Bain, Deputy Attorneys General, for Plaintiff and Respondent.

MOLINARI, J.—On this appeal from the trial court's order denying defendant's petition for a writ of error *coram nobis* defendant contends that the trial court abused its discretion in not granting him a "full hearing" at which defendant could testify and present subpoenaed witnesses and other evidence, and that since a hearing was required and he was an indigent person, the trial court committed prejudicial error in not appointing counsel to represent him.

On September 22, 1965 defendant, in propria persona, filed with the trial court a petition entitled "Original Application

for a Writ of Error Coram Nobis to Withdraw Plea of Guilty, Vacate Judgment, Set Aside Conviction and Enter Not Guilty Plea.'' The petition alleged that defendant ''was legally insane at the time of the charged offense and did not present the defense at the time of plea because he was also legally insane at that time''; that, as revealed by various enumerated hospital records, defendant ''suffers and has suffered for some years with mental illness, at times amounting to temporary insanity'' and ''at the time of the trial defendant was under heavy sedation, and under the hypnotic effect of mental depressing [*sic*] drugs''; that ''The arresting officer intimidated and coerced the defendant into pleading guilty to a crime he never committed and promised him probation if he would plead guilty to these charges, which promises were not kept''; and that ''The issues presented herein are newly discovered and were not known to the defendant at the time of the trial'' and ''Those issues of law were not known to the defendant, prior to their time and could not in the exercise of due diligence have been discovered any time substantially sooner than present, because of this mental condition, the enormously large quantities of pain killing drugs ingested daily he has just begun to return to normalcy to recall, calculate, gain insight and his judgment is not now perfect.'' Defendant's petition further alleged that defendant was indigent, prayed that counsel be appointed for him, and requested a hearing at which defendant could present his own testimony and that of subpoenaed witnesses and medical records in support of the allegations contained in his petition.

The district attorney filed a memorandum in opposition to defendant's petition supported by four declarations controverting the allegations of defendant's petition. These declarations were made by the judge of the justice court who presided at the hearings involving defendant in that court, the district attorney, a deputy sheriff, and a probation officer. Defendant then filed a reply memorandum in which he alleged two additional grounds in support of his petition, namely, that he was inadequately represented by counsel and that a confession was elicited from him in violation of the principles announced in *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], and *Escobedo* v. *Illinois,* 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977].

On November 1, 1965 the trial court entered its order denying defendant's petition for writ of error *coram nobis.* In this order the court noted that defendant had requested that coun-

sel be appointed for him and then stated as follows: "The court has examined the application and the reply prepared by petitioner and feels that he has presented his position in a, clear and thorough manner and that the appointment of counsel would aid the petitioner and the court but little, as petitioner has cited extensive and applicable authorities." The trial court also noted in its order that defendant had requested that the application be set for hearing "for the purpose of presenting oral testimony and argument," and after stating that "The court may hear evidence or render its decision solely on the strength of the affidavits presented [citation]," made the following order: "The request to set the matter for hearing is denied." The court then proceeded to deal with each of the points raised by defendant in his petition and reply memorandum, giving the court's reasons why each was without merit.

The case of *People* v. *Shipman,* 62 Cal.2d 226 [42 Cal.Rptr. 1, 397 P.2d 993], which delineated the requirements for relief in the form of *coram nobis,* set forth the rules relating to the granting of a hearing in a *coram nobis* proceeding as follows: "In view of these strict requirements [the three requisites for relief in the form of *coram nobis*], it will often be readily apparent from the petition and the court's own records that a petition for *coram nobis* is without merit and should therefore be summarily denied. ▮ When, however, facts have been alleged with sufficient particularity [citation] to show that there are substantial legal or factual issues on which availability of the writ turns, the court must set the matter for hearing. ▮ These issues may be decided on the basis of memoranda of points and authorities, affidavits, and other written reports. If the court deems additional procedures necessary to a correct determination of the issues, it may also require the presence of petitioner and other witnesses, and conduct the hearing like an ordinary trial. [Citations.] Neither the United States Constitution nor California law, however, requires that the hearing be conducted as a formal trial. [Citations.]" (Pp. 230-231.)

▮ In addition, *Shipman* dealt with the issue of the right of an indigent defendant to counsel in a *coram nobis* proceeding, holding that, although in the absence of adequate factual allegations stating a prima facie case counsel need not be appointed in the trial court, an indigent defendant is entitled to the appointment of counsel when his petition states facts sufficient to satisfy the court that a hearing is required.

Applying these principles to the instant case, we first note that the People, taking the position that the trial court did not grant a hearing, contend that, under the authority of *Shipman*, the court below was entitled to deny defendant's petition summarily without granting a hearing on the basis that it was readily apparent from the petition and the court's own records that the petition was without merit.[1] There is a suggestion in the tenor of the order denying defendant's application that this was the attitude and position taken by the trial court. The order discloses, however, that the trial court not only considered the allegations of defendant's petition and the court's own records, but that it also considered the district attorney's memorandum, the four declarations in support thereof, and defendant's reply memorandum. This procedure indicates that the trial court concluded in the first instance that defendant's petition contained adequate factual allegations stating a prima facie case for relief in the form of *coram nobis*. Accordingly, the denial of such relief was not summary but followed the granting and holding of a hearing under the principles set forth in *Shipman*. The trial court, however, concluded that defendant was not entitled to the appointment of counsel and also determined that defendant was not entitled to a formal hearing at which he could be present and could offer witnesses and other evidence in support of his application. The propriety of these determinations is the subject of our immediate inquiry.

The determination by the trial court that a hearing was required was properly made with respect to the issues of insanity and the induced plea of guilty. Defendant's allegations which tendered the issues, if true, would meet the requirements for a writ of *coram nobis*. ■ The application for *coram nobis* is a proper means of asserting the claim that defendant was insane at the time of the commission of the charged offense and the claim that he did not raise this defense at the trial because he was also insane at that time. (*People* v. *Welch*, 61 Cal.2d 786, 794 [40 Cal.Rptr. 238, 394 P.2d 926]; *People* v. *Shipman, supra*, p. 233.) ■ As to defendant's allegations that he was induced to plead guilty as a result of the promise by the arresting officer that defendant would be granted probation, it is well established that a petition for a writ of error *coram nobis* is an appropriate means to raise such a contention. (*People* v. *Wadkins*, 63 Cal.2d 110, 113 [45 Cal.Rptr. 173, 403 P.2d 429]; *People* v. *Butterfield*, 37

---

[1] This position was advanced by the Attorney General at oral argument.

Cal.App.2d 140, 142 [99 P.2d 310]; *People* v. *Painter,* 214 Cal.App.2d 93, 97 [29 Cal.Rptr. 121]; see *In re Hough,* 24 Cal.2d 522, 531 [150 P.2d 448].)

As to the allegations in defendant's reply memorandum that he was inadequately represented by counsel and that a confession was elicited from him in violation of the principles announced in *Dorado* and *Escobedo*, defendant does not attack the propriety of the trial court's ruling that neither of these contentions can be raised in *coram nobis* proceedings.[2] Moreover, at oral argument counsel for defendant stated that these grounds were abandoned.

With respect to defendant's diligence in presenting his application approximately eight months after judgment, it appears, at first blush, that the trial court concluded on the basis of the petition and the court's own records that the requisite for relief in the form of *coram nobis* had not been met in the instant case. However, had the court so determined, it would not have been necessary for it to proceed with the hearing; rather the court would have been justified in summarily denying defendant's petition. Upon closer scrutiny of the order we are satisfied that the trial court did proceed to consider the issue of diligence by conducting a hearing thereon in conjunction with the issue of insanity. Having concluded after such hearing that defendant was "legally sane at all times," the court determined that the record belied defendant's claim that he could not have presented the matters contained in his petition sooner because of his mental condition.[3]

██  In view of our conclusion that the trial court properly determined that a hearing was required on the issues of insanity and the induced plea of guilty tendered by defendant's petition, it is apparent that, under the principles of *Shipman*, the trial court erred in finding that defendant did not need or require the assistance of counsel.  ██  As already indi-

---

[2] As to the alleged violations of *Dorado* and *Escobedo* it should be noted that defendant was convicted upon his plea of guilty without the introduction into evidence of the statement allegedly taken from him in violation of the rule announced in those cases. (See *In re Seiterle,* 61 Cal.2d 651, 657 [39 Cal.Rptr. 716, 394 P.2d 556].) As to the alleged inadequacy of counsel a petition for writ of error *coram nobis* is an inappropriate method for raising such a contention. (*People* v. *O'Connor,* 114 Cal.App.2d 723, 726 [251 P.2d 64]; *People* v. *James,* 99 Cal.App.2d 476, 479 [222 P.2d 117].)

[3] We note that in *Shipman,* where the claim of insanity was similar to that made in the present case, and where the petition was presented 10 months after the judgment, the Supreme Court held that it could not say that the defendant was not diligent in discovering the facts upon which he relied.

cated, when the allegations of a petition for writ of error *coram nobis* are sufficient to satisfy the court that a hearing is required, the petitioner, if he be indigent, is entitled to have counsel appointed to represent him. (*People* v. *Shipman, supra,* p. 232.)

Turning next to the propriety of the trial court's conclusion that defendant was not entitled to a formal hearing at which he could be present and could offer witnesses and other evidence, we point out that under the principles set forth in *Shipman,* it is clear that a petitioner in a *coram nobis* proceeding is not entitled to these additional procedures as a matter of right; rather whether such procedures are necessary to a correct determination of the issues rests solely in the discretion of the trial court. In the instant case we need not decide whether the court below abused its discretion in not requiring these additional procedures because, as we have indicated, the cause must be remanded for a rehearing on the merits in view of the trial court's failure to appoint counsel. Upon such rehearing defendant will have the benefit of the advice and representation of counsel as to matters and procedures deemed necessary to the presentation of defendant's application. Although, in the light of the record before us, we cannot say that defendant's petition and reply memorandum indicate with sufficient particularity the necessity for these additional procedures so as to require us to hold that the trial court abused its discretion in not granting defendant's request for a ''full hearing,'' it may be that with the assistance of counsel defendant will be able to make a showing that such additional procedures are necessary to a correct determination of the issues.

The order denying *coram nobis* is reversed and the cause is remanded with instructions to appoint counsel and proceed with a hearing on the merits of the petition upon the issues tendered by the allegations of insanity and the induced plea of guilty.

Sullivan, P. J., and Sims, J., concurred.