[Crim. No. 6526.   First Dist., Div. One.   June 25, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. LIONEL PHILLIPS, Defendant and Appellant.

424

James A. Richman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Timothy G. Laddish, Deputy Attorneys General, for Plaintiff and Respondent.

MOLINARI, P. J.—On this appeal from the trial court's order denying his petition for a writ of error *coram nobis* defendant contends that the trial court erred in summarily denying his petition since his allegations as to an induced plea of guilty and as to insanity at the time of trial were sufficient to merit relief.

On November 30, 1966, defendant withdrew his plea of not guilty to violating section 11501 (unlawful sale of narcotics) and entered a plea of guilty to said charge and admitted a prior narcotic conviction.[1] Following his arraignment for judgment and a motion for probation, the district attorney filed a petition under section 3051 of the Welfare and Institutions Code to ascertain whether defendant was addicted to, or in imminent danger of becoming addicted to narcotics. After the hearing and examination, the trial court, on December 14, 1966, found defendant to be a narcotics addict within the meaning of section 3051 and ordered him committed to the Director of Corrections. On April 17, 1967, after notice from the Director of Corrections, the court ordered defendant returned to its jurisdiction for further proceedings in the criminal action and thereafter, on April 28, 1967, denied defendant's motion for probation and sentenced him to the state prison for the term prescribed by law.

On May 25, 1967, defendant filed a petition for a writ of error *coram nobis* directed to the trial judge who had presided in the previous proceedings. Defendant's verified petition alleges: "That had the Court known that petitioner's plea of guilty was entered on the representation and promise made to petitioner by . . . Public Defender and Assistant District Attorney, that if he, petitioner, changed his not guilty plea to that of guilty that he would be given access to treatment for drug addiction of which he, was under; that had the court or petitioner known before judgment and sentence were imposed that petitioner would be rejected from the hospital program on the fraudulent pretense of excessive Criminality the Court would not have accepted said plea of guilty. [¶] That had the Court known that petitioner was incapacitated mentally, because of drugs administered to him by a person in attendance of medical applications while he was in the County Jail on structions [*sic*] from the Assistant District Attorney and said Mental state caused the petitioner to submit to said inducement, promise and representation made to him by court appointed Attorney, Public Defender, and Assistant District Attorney, the Court would not have accepted said plea of guilty."

The petition further alleges as follows: "The petitioner was not of sound mind, and ignorance of law precedures [*sic*] at the time of said plea and the promise and representation

---

[1] Another alleged prior conviction (robbery) was dismissed on motion of the district attorney.

inducement at the California Rehabilitation Center for Addicts, and the Court's failure to appraise petitioner of the consequence of his induced plea of guilty, that if he was not accepted by the California Rehabilitation Center for Addicts that petitioner would not get a trial on the merits of his case, and that petitioner, automatically, would be sentenced and committed to prison as a convicted felon, with out the fairness of trial thereon for the alleged Violation of section 11501 of the California Health and Safety Code, made manifest that this writ of Error Coram Nobis must be issued. That for the reasons above mention [*sic*] petitioner's Lionel Phillips; Plea of guilty must be vacated and set aside, for it was the result of a promise and representation made to petitioner by his court appointed Attorney and the Assistant District Attorney that for said plea petitioner would go for treatment at the California Rehabilitation Center for narcotic addiction. . . ."

The trial court denied defendant's petition summarily on the same day it was filed. This appeal is considered in the light of the requirements for relief in the form of *coram nobis,* a remedy of limited scope, as enunciated in *People* v. *Shipman,* 62 Cal.2d 226, 230 [42 Cal.Rptr. 1, 397 P.2d 993]. The requirements of *Shipman* are that the petitioner must show (1) that some fact existed which, without his fault or negligence, was not presented to the trial court on the merits, and which, if presented, would have prevented rendering of the judgment; (2) that the newly discovered evidence does not go to the merits of the issues tried; and (3) that he did not know and could not have discovered with due diligence the facts on which he relies at any time substantially earlier than the time of his motion for the writ. As to the rules relating to the granting of a hearing in the *coram nobis* proceedings consistent with these requirements, *Shipman* states as follows: "In view of these strict requirements, it will often be readily apparent from the petition and the court's own records that a petition for *coram nobis* is without merit and should therefore be summarily denied. When, however, facts have been alleged with sufficient particularity [citation] to show that there are substantial legal or factual issues on which availability of the writ turns, the court must set the matter for hearing." (P. 230; see also *People* v. *Vaughn,* 243 Cal.App.2d 730, 733 [52 Cal.Rptr. 690].)

It is settled that a petition for a writ of error *coram nobis* is an appropriate means to raise the contention that defendant was induced to plead guilty in reliance on an unkept promise by a state official. (*People* v. *Wadkins,* 63

Cal.2d 110, 113 [45 Cal.Rptr. 173, 403 P.2d 429]; *People* v. *Coley*, 257 Cal.App.2d 787, 800 [65 Cal.Rptr. 559]; *People* v. *Vaughn, supra,* 243 Cal App.2d 730, 734; *People* v. *Butter-field*, 37 Cal.App.2d 140, 142 [99 P.2d 310].) ■ In the instant case defendant's petition asserts that he entered his plea on the assurance of a state official that he would be *given access to treatment for drug addiction*. It is evident from the record and from the petition itself that this promise was kept since defendant was given such access, but was returned to the court as unfit because of excessive criminality.[2] As to the further allegation that, had the court known prior to judgment and sentence that defendant would be rejected from the program, it would not have accepted his guilty plea, it is apparent that such allegation contradicts the record. At the time of sentencing, the trial judge knew that defendant had been rejected, since he signed the order returning defendant to the superior court's jurisdiction. In view of the fact that the judge who passed on the petition for *coram nobis* relief was the same judge who made such order, we must assume that he knew that defendant was rejected and the basis for such rejection. (See *People* v. *Martinelli*, 118 Cal.App.2d 94, 98 [257 P.2d 37].) Aside from the foregoing allegations, defendant has not alleged with particularity any facts meriting relief on the ground of an induced plea. Accordingly, the trial court was justified from the petition and its own records in concluding that this alleged ground was without merit

Counsel's arguments that defendant entered his plea of guilty on the express condition that he be recommended to *and accepted* by the California Rehabilitation Center, as was the case in *People* v. *Coley, supra,* 257 Cal.App.2d 787, recently decided by this court, fails because defendant makes no such allegation in his petition. Defendant's reliance on *People* v. *Wadkins, supra,* 63 Cal.2d 110, is likewise misplaced. In *Wadkins* the petition alleged that the petitioner was induced to plead guilty on the promise by three public officials that he would receive probation. This allegation was neither denied by replication or by the record, and no hearing was afforded the petitioner.

■ It is also settled that *coram nobis* will lie to vacate a plea of guilty if the defendant was insane or under the influ-

---

[2] Although we are not advised either by the record or the parties as to the reason for defendant's rejection from the narcotics rehabilitation program, defendant's allegation that it was for excessive criminality remains uncontradicted.

ence of drugs at the time of the plea. (*People* v. *Shipman, supra,* 62 Cal.2d 226, 233; *People* v. *Welch,* 61 Cal.2d 786, 794 [40 Cal.Rptr. 238, 394 P 2d 926]; *People* v. *Vaughn, supra,* 243 Cal.App.2d 730, 734.) [5a] Defendant has asserted that he was under the influence of drugs at the time of his plea; that such drugs were administered "by a person in attendance of medical applications" under the direction of a state official; that such drugs caused him to submit to the inducements made by the state; that had the court known he was mentally incapacitated it would not have accepted his plea; and that he was "not of sound mind" *at the time of said plea.* Defendant makes no allegations as to his mental state at the time of *sentencing.* The record discloses that some five months passed between the time the plea was entered and the time of sentencing. Defendant makes no attempt to explain his failure to raise either the question of the induced plea, or his mental capacity, at the time judgment was entered.

A defendant who seeks to vacate a judgment of conviction must not only allege the probative facts upon which he bases his claim, but he must also allege the time and circumstances under which such facts are discovered, in order to determine whether the petitioner has proceeded with due diligence. (*People* v. *Shorts,* 32 Cal.2d 502, 513 [197 P.2d 330]; *People* v. *Painter,* 214 Cal.App.2d 93, 97 [29 Cal Rptr. 121].) If he has knowledge of a fact but does not attempt to explain his nondisclosure, he has not made the requisite showing of diligence and good faith. (*People* v. *Shorts, supra*; see also *People* v. *Adamson,* 34 Cal.2d 320, 328-329 [210 P.2d 13]; *People* v. *Quigley,* 222 Cal.App.2d 694, 700 [35 Cal.Rptr. 393].) Accordingly, *coram nobis* will not lie if the facts relied upon by the petitioner were known to him at the time he entered his plea or received judgment. (*People* v. *Painter, supra.*)

Defendant's reliance on *People* v. *Painter, supra,* 214 Cal. App.2d 93, is misplaced. There the unkept promise was that the petitioner would receive a lighter sentence. It was not until judgment was pronounced that the petitioner knew the promise was not kept.

Defendant's claim that diligence was exhibited by the rapidity with which his petition was filed after judgment and sentencing, does not explain his silence prior to that time. In *People.* v. *Goodspeed,* 223 Cal.App.2d 146 [35 Cal.Rptr. 743], on which defendant depends, the court reiterates that to gain relief in *coram nobis* proceedings the defendant must

show that he could not, in the exercise of due diligence, have discovered the facts upon which he relies substantially earlier than the time of his motion for the writ. There the court stated: ". . . the defendant must show that neither the court nor the *defendant himself* knew of such extrinsic fact before judgment. He must show that the court's lack of knowledge is not due to any *negligence or fault on his own part.*" (P. 153.) The instant case, moreover, is unlike *People* v. *Painter, supra,* where it was held that the filing of the petition for *coram nobis* after judgment and four months after the discovery of the facts upon which it was predicated was reasonable. In the case at bench we are not concerned with the timeliness of the filing of the petition but with the fact that *coram nobis* will not lie when the facts relied upon are known by the petitioner at the time he receives judgment.

It would seem that in the present case defendant gambled first on the chance that he would be accepted for the narcotics rehabilitation program, and then, at the time of judgment, that he would be placed on probation, and now has sought recourse when his gambles did not pay off. The following language, quoted by the court in *People* v. *Shorts,* is applicable to the instant case. " 'A reason assigned for the rule is that if the applicant for the writ has knowledge of the fact, and such fact if divulged would be for his benefit, he should not be permitted to conceal it, gamble upon the issue, and, being disappointed therewith, ask the court to relieve him from the consequences of his own intentional or negligent act.' " (*People* v. *Shorts, supra,* 32 Cal.2d 502 at p. 514.)

Defendant's final allegation, that the court erred in not properly taking his guilty plea, is a question of law not properly cognizable on *coram nobis.* (*People* v. *Thompson,* 94 Cal App.2d 578, 586 [211 P.2d 1] ; *People* v. *Etter,* 110 Cal. App.2d 449, 452 [242 P.2d 899].) We note, moreover, that even if we could treat the petition in this respect, as one in habeas corpus, defendant is not incarcerated within the habeas jurisdiction of this court.

The order is affirmed.

Sims, J., and Elkington, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 21, 1968.