Filed 8/25/20  P. v. Tonoyan CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>DAVID TONOYAN,<br><br>　　　Defendant and Appellant. | B291714<br><br>(Los Angeles County<br>Super. Ct. No. GA091328) |

　　　APPEAL from an order of the Superior Court of Los Angeles County.  Robert P. Applegate, Judge.  Affirmed.

　　　Cohen Williams LLP and Alyssa D. Bell for Defendant and Appellant.

　　　Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

　　　————————————

More than a year-and-a-half after pleading no contest to two counts of perjury by declaration (Pen. Code, § 118, subd. (a))[1] and making a false report of a criminal offense (§ 148.5, subd. (a)), defendant and appellant David Tonoyan sought relief pursuant to at least two petitions for *coram nobis*. Following the denial of his most recent petition for *coram nobis*, defendant timely filed a notice of appeal. He argues that the trial court's order denying relief is not supported by substantial evidence. At a minimum, defendant contends that the trial court should have held an evidentiary hearing before drawing certain conclusions that led to its denial of defendant's petition. Finally, defendant asserts that he was entitled to *coram nobis* relief.

Because the trial court did not abuse its discretion, we affirm the order denying defendant's petition for *coram nobis* relief.

## FACTUAL BACKGROUND[2]

On November 28, 2012, defendant reported to the Glendale Police Department that he had been a victim of identity theft. He claimed that a Discover credit card had been opened in his name. The card became delinquent and was referred to collections. He denied any association with the Maple Street address or phone number on the account.

Later, Glendale police found that: (1) defendant had used the Maple Street address from November 2004 to October 2011;

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Because defendant pled no contest to the charges prior to a preliminary hearing, the facts are taken from the probation officer's report.

2

(2) the credit card account was opened in 2005; (3) the account became delinquent in 2008; and (4) the account was subsequently referred to collections.

On August 6, 2010, a civil judgment was entered ordering defendant to pay $10,497.69 in damages and $360 in costs to Discover Bank. The judgment was mailed to the Maple Street address. Defendant filed a request to vacate the judgment. Under penalty of perjury, defendant claimed that he never applied for, agreed to, obtained, used, or benefitted from Discover Bank. He later filed a second motion. Again under penalty of perjury, defendant declared that he had been a victim of identity theft and never lived at the Maple Street address.

Defendant was interviewed by police investigators. He reiterated that he never lived at the Maple Street address, denied that his family had ever lived there, and denied opening the Discover card account. He was confronted with evidence showing that he and his family had lived at the Maple Street address and had used the Discover card, including: (1) a 2005 photograph of defendant sitting on a couch at that address; (2) a 2005 citation issued to him, where defendant provided the officer with the Maple Street address and signed the citation; (3) utility bills in his parent's name; and (4) charges made to the account that were made to the university he attended. Defendant did not respond to the evidence, stating that he did not want to incriminate himself.

**PROCEDURAL BACKGROUND**

I. *Defendant's plea and sentence*

On April 7, 2014, defendant pled no contest to two counts of perjury by declaration and making a false report of a criminal offense. Imposition of sentence was suspended, and defendant was placed on formal probation for three years.

II. *First petition for writ of* coram nobis

On December 21, 2015, defendant filed a petition for *coram nobis*. Thereafter, the trial court granted defendant leave to file a superseding and supplemented petition.

On May 16, 2016, defendant filed a writ of *coram nobis* petition in the interest of justice. The petition included a declaration from defendant, stating that he was unaware that his no contest plea would result in his inability to obtain several business licenses, that the business license requirements became effective after his conviction, and could not have been reasonably discovered before he filed his petition, and that he would not have accepted the plea bargain if he had known about the licensing requirements.

On July 15, 2016, the trial court denied defendant's motion, finding that, at the time of his plea, defendant should have known it would adversely affect his real estate career and that the adverse effect of the convictions would not have prevented the trial court from rendering judgment. Moreover, the trial court found that defendant failed to exercise due diligence because there was an unexplained 20-month delay between his conviction (Apr. 2014) and his first petition (Dec. 2015).

III. *Second petition for writ of* coram nobis

On December 13, 2017, defendant filed a second petition for writ of *coram nobis*. In this petition, defendant claimed that plea counsel fraudulently misadvised him that the plea would not affect his businesses, that there was no plea deal with the Los Angeles County District Attorney's Office, that in July 2017, he was informed that he needed to obtain "California Finance Lender Law and Deferred Deposit Transactions licenses to do business in the state", and that his conviction prevented him

4

from obtaining the requisite license. No declaration from plea counsel was attached to the petition.

On December 22, 2017, the trial court, on its own motion, issued an order to show cause (OSC) as to why it should consider defendant's second petition. On May 29, 2018, the trial court heard argument on the OSC and took the matter under submission.

On June 29, 2018, the trial court issued a written order denying defendant's second petition. It found that defendant accepted an offer from the trial court in exchange for a no contest plea to all of the charges (the open plea). Furthermore, the trial court did not credit defendant's contention that his former attorney defrauded him by assuring him that his business would not be affected if he accepted a "'plea deal.'" In so finding, the trial court noted that defendant omitted any assertion that his attorney misrepresented the terms of his plea in his May 9, 2016, declaration, that defendant had not raised the alleged misrepresentation in any of his prior requests for *coram nobis* relief, and that defendant "lied repeatedly and outrageously" when his crimes were being investigated.

Moreover, the trial court found that although defendant may not have been aware "of the extent of the adverse effect [that] his convictions would have on his real estate and mortgage lending career[, this] falls far short of a showing the [c]ourt would not have rendered judgment had the [c]ourt known of this adverse effect." The trial court explained that the record did not show that the sentencing court would have acted differently or reached another outcome in light of the alleged new facts because the open plea agreement offered by the sentencing court was "most lenient—one day in jail with credit for time served, and 30

days of community labor, essentially a misdemeanor sentence—and could reasonably be interpreted as the [c]ourt's effort to actually ameliorate any harsh consequences of [defendant's] misconduct in order to settle the matter."

In addition, the trial court incorporated its reasons for denying the petition in its July 15, 2016, ruling, namely that at the time of the plea, defendant should have known that his convictions would adversely affect his real estate career and that he failed to exercise due diligence.  Finally, the trial court noted that it was aware of the impact its ruling would have on the employees of defendant's companies.

## DISCUSSION

### I.  *Standard of review*

As the parties agree, we review the trial court's order denying his petition for writ of error *coram nobis* for abuse of discretion.  (*People v. Kim* (2009) 45 Cal.4th 1078, 1095 (*Kim*).)  "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason."  (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478.)  A trial court's factual findings in a *coram nobis* proceeding are reviewed for substantial evidence. (See *People v. Savin* (1940) 37 Cal.App.2d 105, 108.)

### II.  *Relevant law*

A petition for writ of error *coram nobis* "is an attack upon a judgment which has become final and in favor of which there are strong presumptions of regularity; the 'petition' is regarded as a motion to vacate the judgment; it is not a complaint nor does it initiate an independent action [citation]."  (*People v. Adamson* (1949) 34 Cal.2d 320, 329–330; see also *People v. Sica* (1953) 116 Cal.App.2d 59, 61–62.)  The petition is a limited remedy and the

6

moving party bears a heavy burden to show that he is entitled to relief.  (*People v. Ibanez* (1999) 76 Cal.App.4th 537, 548–549.)

The grounds on which a litigant may obtain *coram nobis* relief "are narrower than on habeas corpus [citation]; the writ's purpose 'is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court' [citation]."  (*Kim*, *supra*, 45 Cal.4th at p. 1091; see also *People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1146.)

A petitioner seeking *coram nobis* relief must satisfy three criteria:  (1) "'some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment'"; (2) the "'newly discovered evidence . . . [does not go] to the merits of issues tried'"; and (3) "'the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ. . . .'"  (*People v. Shipman* (1965) 62 Cal.2d 226, 230; *Kim*, *supra*, 45 Cal.4th at pp. 1092–1093; *People v. Mbaabu*, *supra*, 213 Cal.App.4th at p. 1146.)

III.  *The trial court did not err*

The appellate record establishes that the trial court did not abuse its discretion when it denied defendant's petition seeking *coram nobis* relief.  Defendant did not establish at least two of the three requisite criteria to obtain the relief sought.  There is no evidence of any fact that was not presented but if presented would have prevented the rendition of the same judgment.  And,

7

defendant did not demonstrate due diligence in discovering the alleged facts that he claims compel reversal.

Urging us to reverse, defendant contends that there were new facts that he could not have discovered and that would have prevented rendition of the judgment, namely the fact that he did not know the damage his convictions were going to do to his businesses. We disagree. "New facts that would merely have affected the willingness of a litigant to enter a plea, or would have encouraged or convinced him or her to make different strategic choices or seek a different disposition, are not facts that would have prevented rendition of the judgment." (*Kim, supra*, 45 Cal.4th at p. 1103.) Moreover, given the lenient sentence issued by the sentencing court, we cannot adopt defendant's contention that this information would have led it to any other judgment.

Defendant further asserts that the trial court's order is "inherently flawed" because it inferred that his "failure to detail [his prior counsel's] misconduct in his first declaration rendered his second declaration incredible." Defendant is asking us to reassess his credibility, something we cannot and will not do. (*People v. Lee* (2011) 51 Cal.4th 620, 632; *People v. Martinez* (2013) 57 Cal.4th 555, 565 [to establish prejudice, "the defendant must provide a declaration or testimony stating that he or she would not have entered into the plea bargain if properly advised. It is up to the trial court to determine whether the defendant's assertion is credible, and the court may reject an assertion that is not supported by an explanation or other corroborating circumstances"].) Based upon the ample evidence of defendant's repeated lies and the lack of corroborating circumstances, the

8

trial court acted well within its discretion when it determined that defendant was not credible.

Moreover, *coram nobis* relief is not available where the defendant relies on a representation or promise by defense counsel relating to the consequences of a change of plea, unless the prosecution or the court was a party to the representation or promise. (*People v. Grgurevich* (1957) 153 Cal.App.2d 806, 811.) In other words, *coram nobis* relief is unavailable "to vacate a plea of guilty solely on the ground that it was induced by misstatements of counsel." (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 982.) Here, there is no evidence or allegation that the prosecutor or the trial court was a party to any alleged fraudulent misrepresentation or misstatement by plea counsel. The prosecutor's "silence at sentencing" and the trial court's statement that it would "all work out" are not corroboration of any alleged misrepresentation regarding the adverse effect that defendant's convictions would have on his businesses. For that reason, defendant's reliance upon *People v. Gilbert* (1944) 25 Cal.2d 422, 443 is misplaced.

It follows that no evidentiary hearing was required. Based upon the evidence and argument presented, the trial court was able to assess the witnesses' credibility and determine that defendant was not credible and therefore not entitled to the requested relief. (*People v. Vaughn* (1966) 243 Cal.App.2d 730, 733 [if it is readily apparent from the petition and the court's own records that a petition for *coram nobis* is without merit, it should be summarily denied; only when "facts have been alleged with sufficient particularity [citation] to show that there are substantial legal or factual issues on which the availability of the writ turns [must the trial court] set the matter for hearing"].)

9

*People v. Wadkins* (1965) 63 Cal.2d 110 does not compel a different result. In that case, the defendant, while represented by counsel, pled guilty to forgery of an endorsement and was sentenced to prison. (*Id*. at p. 111.) He later filed a petition for *coram nobis*, alleging (1) he entered into the guilty plea upon the promise that he would receive probation, (2) the promise of probation was made by three separate law enforcement officers, (3) the officers promised probation in return for his agreement to assist them in solving a bank robbery, and (4) he provided the officers with the weapons used in that robbery. (*Id*. at pp. 111–112.) The trial court summarily denied the petition, and the Court of Appeal affirmed. (*Id*. at p. 112.)

Our California Supreme Court reversed. Noting that "there is ample authority for the proposition that one who has pleaded guilty in reliance on the unkept promises of reliable public officials should be allowed to withdraw that plea," the Supreme Court ordered an evidentiary hearing to assess the credibility of the defendant's claims. (*People v. Wadkins, supra,* 63 Cal.2d at pp. 113–114; see also *People v. Odlum* (1949) 91 Cal.App.2d 761, 772 [where an attorney makes a misrepresentation regarding an alleged plea bargain and that representation is seemingly corroborated by acts and statements by the trial court and district attorney, an evidentiary hearing was appropriate].)

As set forth above, there is no evidence that defendant entered into the open plea pursuant to a promise by a reliable public official. Neither the district attorney nor the trial court was a party to defendant's open plea. Thus, no evidentiary hearing to determine defendant's credibility alone is required.

10

It follows that we reject defendant's contention that "he was clearly entitled to coram nobis relief."  For the reasons set forth above, the trial court acted well within its discretion when it denied defendant's petition for *coram nobis* relief.

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.
LUI

_____, J.
CHAVEZ