[Crim. No. 4171.   First Dist., Div. Three.   Mar. 28, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. GILBERT M. JUVERA et al., Defendants and Appellants.

Charles C. Moore, under appointment by the District Court of Appeal, for Defendants and Appellants.

Stanley Mosk, Attorney General, John S. McInerny and Eric Collins, Deputy Attorneys General, for Plaintiff and Respondent.

SALSMAN, J.—Gilbert M. Juvera and Harry Boland Truitt were indicted for an alleged violation of Health and Safety Code sections 11500 (possession of heroin) and 11530 (possession of marijuana). Three prior felonies were also charged against Juvera, and two against Truitt. Jury trial was waived, and by stipulation the case was submitted to the court upon the transcript of testimony taken before the grand jury. Both defendants were found guilty of possession of heroin. Juvera was sentenced to prison. Truitt, having been medically examined, was ordered committed to the California Rehabilitation Center, pursuant to Penal Code section 6451. Both defendants appeal.

The transcript of the testimony taken before the grand jury reveals that at about 1 a.m., September 24, 1961, the San Francisco Police Department received information that a narcotics party was in progress in room 214 at the Royan Hotel, 405 Valencia Street. Inspectors Dyer and Minkel went to the hotel and proceeded to room 214. There they met the informant, a Mr. Tracey, a guest at the hotel, who further identified himself as a member of the United States Navy. He told the officers he had overheard the occupants of room 214 discuss giving each other "fixes." As the officers stood outside the door they could hear a man groaning in the room. The officers rapped on the door; the door was opened and the officers saw a man lying face down on the floor, arms and legs spread out, and clothes in disarray. The man was breathing heavily, groaning and appeared unconscious. Inspector Dyer, an experienced police officer, with more than 12 years of service, was familiar with the paraphernalia used by addicts, and had seen many individuals who were subject to narcotic addiction. He testified that in his opinion, the person on the floor was either drunk, sick or under the influ-

ence of narcotics. The officers identified themselves and walked into the room. At the time the officers entered, the defendant Truitt was near a window which opened out into an alley. Truitt was closing the window. As the two officers stood in the room they saw a spoon on a dresser. It contained a residue which, from their observation and experience they believed to be narcotics. The officers questioned defendant Juvera about the spoon, and Juvera denied knowledge of its presence. Inspector Minkel left the room to search the alley below the window which Truitt had closed as the officers entered the room. Below the window Inspector Minkel found a large bag and a small bag. One bag contained a paper on which a palm print, later identified as that of Juvera, was discovered. Both bags were brought to room 214, and after examination, substances were found which the officers believed to be narcotics. The officers then searched the room, and found several "bindles" which appeared to contain narcotics. They then arrested Juvera and Truitt, and took the unconscious man to the hospital. The various substances found in the bags recovered from the alley, and the contents of the "bindles" found in the room were later determined to be marijuana and heroin.

The People first object that no appeal by defendant Truitt is before the court, because he has not made any motion for a new trial and no judgment has been pronounced against him upon his conviction (Pen. Code, § 1237). The trial court, however, instituted proceedings under Penal Code section 6451, and after medical examination found this defendant to be a narcotic addict, or in imminent danger of becoming addicted to narcotics, and ordered that he be committed to the Director of Corrections pursuant to section 6451 of the Penal Code. This order is appealable. (See *In re De La O,* 59 Cal.2d 128, 156 [28 Cal.Rptr. 489, 378 P.2d 793]; *People* v. *Gross,* 44 Cal.2d 859, 860 [285 P.2d 630], and cases cited.) Defendant Truitt's notice of appeal stated: "I was convicted of 11500 . . . and sentenced to the Dept. of Corrections . . . I wish to appeal my case." He does not state that his appeal is from the order of commitment pursuant to Penal Code section 6451. Nevertheless, a notice of appeal must be construed liberally in favor of its sufficiency (Cal. Rules of Court, rule 31)* and we therefore consider Truitt's appeal as an appeal from the court's order of commitment pursuant to Penal Code

*Formerly Rules on Appeal, rule 31.

section 6451. Defendant Juvera has properly appealed from the judgment of conviction.

The defendants in a common brief state two grounds for their appeal: first, that the evidence against them was illegally obtained, hence inadmissible and not to be considered by the court in making its decision, and second, assuming the evidence to have been legally obtained, it is insufficient to support the judgment of conviction. We find no merit in either ground of appeal.

When the defendant Juvera opened the door of the room the officers could see that a person in the room was in distress and in need of aid. Groans were heard by the officers even before the door was opened. When the door was opened the officers properly identified themselves and entered without objection. Before entry, upon questioning, Juvera gave evasive answers concerning the condition of the man on the floor. While neither officer stated directly that one of the purposes of entry was to aid and assist the man in distress, it is reasonable to infer, as the trial judge appears to have done, that such was the case. Ultimately the officers aided physically in carrying the unconscious man down to the street where they obtained an ambulance and had him taken to a hospital for emergency treatment. Thus, the original entry of the officers was lawful. In *People* v. *Roberts,* 47 Cal.2d 374, 378-379 [303 P.2d 721], officers entered an apartment to investigate what they reasonably believed to be moaning from a person in distress. In fact, there was no one in distress and the officers were wholly mistaken, but their entry was in good faith. Upon entry they discovered stolen property in plain sight, without further search. The court said at pages 378-379: ''Thus the officers in the present case could properly make only that kind of search reasonably necessary to determine whether a person was actually in distress somewhere in the apartment. They could not, for example, ransack the premises or rummage through desk drawers. On the other hand, in the course of conducting a reasonable search they did not have to blind themselves to what was in plain sight simply because it was disconnected with the purpose for which they entered. (*Love* v. *United States,* 170 F.2d 32 . . . *Paper* v. *United States,* 53 F.2d 184 . . .).'' Here, before any search of the room was made, the officers had seen the spoon with residue which they believed to be of narcotic character, and had recovered narcotics from the bags found in the alley just below the window

of room 214. Reasonable cause to arrest both defendants thus existed prior to any search of the room, and the search thereafter made was incidental to the lawful and proper arrest of the defendants and therefore justified. (*People* v. *Ingle,* 53 Cal.2d 407, 413, 414 [2 Cal.Rptr. 14, 348 P.2d 577].)

The defendants also urge upon us the insufficiency of the evidence to sustain the conviction, because they say there is no proof that they knew there was heroin in the hotel room. █ It is true that knowledge of the narcotic character of the article possessed is an essential element of the offense of possession of narcotics. (*People* v. *Candiotto,* 128 Cal.App. 2d 347 [275 P.2d 500].) Knowledge of the presence of the substance in the room, and its narcotic character, may be established by circumstantial evidence and such reasonable inferences as may be drawn therefrom. (*People* v. *Robarge,* 151 Cal.App.2d 660, 668 [312 P.2d 70] ; *People* v. *Stanford,* 176 Cal.App.2d 388 [1 Cal.Rptr. 425].) Here Inspector Dyer testified that, while standing at the door he observed the man lying on the floor, and that he appeared to be drunk, sick or under the influence of narcotics. Juvera had old scars and new puncture marks on his arms, and Inspector Dyer testified he had seen such marks and scars "hundreds of times" on the arms of persons addicted to the use of narcotics. Truitt was closing the window as the officers entered, and it was below this window that the two bags containing narcotics and a paper bearing the palm print of Juvera were found. Thus there is substantial evidence from which the trial court could reasonably infer that both defendants had knowledge of the presence in the room of contraband and its narcotic character. (See further *People* v. *MacArthur,* 126 Cal.App.2d 232, 236-237 [271 P.2d 914], and cases cited.)

We have construed the appeal of the defendant Truitt as an appeal from the court's order committing him to the Department of Corrections for confinement in the California Rehabilitation Center (*In re De La O, supra*). In his brief Truitt does not contend that the trial court was without jurisdiction to make the order of commitment, or that the order itself is invalid. The record before us shows the trial court appointed two doctors to make an examination of this defendant and upon receipt and consideration of their reports, ordered him committed to the Department of Corrections, pursuant to Penal Code section 6451. There is no showing of any procedural error in the record before us and nothing appears to suggest why the order should not be affirmed.

The judgment and order are affirmed.

Draper, P. J., and Devine, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 22, 1963.