[Crim. No. 10012.   Second Dist., Div. Four.   June 8, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. EDITH DIAZ, Defendant and Appellant.

Licker & Licker and Herbert Licker for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In a trial by the court, defendant was found guilty of driving a vehicle upon a highway, while addicted to heroin, in violation of section 23105 of the Vehicle Code. A motion for new trial was denied, proceedings were suspended and probation was granted for three years upon the usual conditions and that defendant spend the first 30 days in the county jail.

Defendant noticed her appeal "from the Order Denying Motion for New Trial," a nonappealable order. (Pen. Code, § 1237.) However, because a notice of appeal "shall be liberally construed in favor of its sufficiency" (Cal. Rules of Court, rule 31(b)), we treat the notice of appeal here, as being from the judgment (order granting probation).

Three issues are raised in this appeal: (1) whether, as applied to defendant, section 23105 of the Vehicle Code is constitutional, (2) whether certain statements made by defendant to the police were inadmissible under the exclusionary rule of *People* v. *Dorado*, 62 Cal.2d 338, 353-354 [42 Cal.Rptr. 169, 398 P.2d 361], and (3) whether the evidence was sufficient to support a finding that such statements were voluntary.

In view of our conclusion that the judgment must be

reversed under *People* v. *Dorado, supra*, we need not decide point (3).

■ As to point (1), the question presented is whether a licensed driver may constitutionally be punished for driving while addicted, unless it is shown that his ability to drive was impaired at the time of driving. Defendant argues that *Robinson* v. *California*, 370 U.S. 660 [82 S.Ct. 1417, 8 L.Ed.2d 758] (which holds that mere addiction is not a crime), is applicable. Our Supreme Court in the recent case of *People* v. *O'Neil*, 62 Cal.2d 748 [44 Cal.Rptr. 320, 401 P.2d 928], which was handed down subsequent to the filing of the briefs and the oral argument on the present appeal, has decided the issue contra to defendant's position. In upholding the constitutionality of section 23105, the court in *O'Neil*, stated (at p. 754, fn. 9), that ". . . the proscription found in section 23105 does not fall under the holding of *Robinson* v. *California*. . . ."

■ The facts pertinent to the *Dorado* issue (point (2)) follow:

Officer Reed, a police officer trained in narcotic law enforcement, was called to the scene of an automobile accident in which one of the vehicles involved was an automobile driven by defendant. After observing numerous puncture marks over the veins on defendant's arms and that she exhibited the numerous symptoms of drug addiction—running nose, chilling, watery eyes, gagging or nausea, pupil fluctuation and dilation—the officer formed the opinion that she was an addict, then in a "withdrawal" state.

Shortly after Officer Reed's arrival at the police station with defendant, he conducted a closer examination of her arms, counting in excess of 30 puncture marks. At approximately the same time he had a conversation with defendant.

The officer's testimony, concerning the statements defendant made to him during this conversation, is as follows: "The defendant stated that she had been strung out on stuff for quite some period of time.

"She [defendant] stated that she had been trying to kick it for about three or four days.

"She said that she couldn't stand it anymore and that she was on her way to score when she wrecked.

"She said after she wrecked, she called her cousin—I believe it was Mary—and asked her cousin to come pick her up, and she was going to use her car to go score, if she could."

The officer further testified that "stuff" in narcotics jargon refers to heroin.

The statements made, containing an admission of all of the requisite elements for a violation of section 23105, are tantamount to a confession, and we treat them as such. ■ Under the rules enunciated in *People* v. *Dorado, supra,* 62 Cal.2d 338, 353-354, a confession is inadmissible, and a reversal of the judgment is required, where (1) the investigation has begun to focus on a particular suspect, (2) he is in custody, (3) a process of interrogation has been undertaken which tends to elicit incriminating statements, and (4) the police have not effectively informed the suspect of his rights to counsel and to remain silent, and the evidence does not establish any waiver of these rights.

■ Where, as here, the record is silent as to whether defendant was advised or knew of his constitutional rights, no waiver may be presumed. (*People* v. *Stewart,* 62 Cal.2d 571, 576 [43 Cal.Rptr. 201, 400 P.2d 97].) ■ The first and second conditions for the application of the exclusionary rule, namely, that the investigation had focused on the defendant, and that she was in custody at the time the confession was made, are clearly present in the case before us.

■ The only serious question presented is whether there was a process of interrogation undertaken by Officer Reed which was of the type lending itself to the elicitation of a confession or of incriminating statements (the rule (3) condition). ■ To determine whether this condition was present, the total situation which envelops the questioning must be analyzed, considering such factors as the conduct of the police, the length, place and time of the interrogation, the nature of the questions asked, and any other relevant circumstances. (*People* v. *Stewart, supra,* 62 Cal.2d at p. 579.) ■■ The difficulty presented in the case before us is that the record is lacking in details concerning the circumstances surrounding the making of the statements. All the record shows is that the statements were made shortly after defendant was taken into custody and brought to the police station; Officer Reed and a police matron were present at the time; and the conversation which elicited the statements was initiated by the officer and concerned the charge that defendant had committed a violation of Vehicle Code section 23105. However, the officer's testimony concerning his initial observations of defendant at the scene of the accident clearly indicates that he was convinced as of that time that she was indeed a drug addict who was guilty of the violation of section 23105. Under such circumstances we believe it apparent that

his "conversation" with her, concerning the "charge" against her, was with the purpose of securing additional evidence in the form of a confession or incriminating statements. We conclude therefore that all of the conditions which necessitate application of the *Dorado* rule were present.

The judgment of conviction is reversed.

Files, P. J., and Kingsley, J., concurred.