[Crim. No. 9737. In Bank. May 25, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT JENE ALLENTHORP, Defendant and Appellant.

Robert Jene Allenthorp, in pro. per., and Bertram H. Ross, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

TOBRINER, J.—In 1958 defendant suffered conviction for petty theft in the Municipal Court, Anaheim-Fullerton Judicial District. On appeal, the Appellate Department of the Superior Court of Orange County affirmed the judgment. Many years thereafter, on October 16, 1964, defendant filed in the Superior Court of Orange County a notice of motion to vacate the judgment. Treating the notice of motion as a petition for writ of error *coram nobis* (see *People* v. *Painter* (1963) 214 Cal.App.2d 93, 95 [29 Cal.Rptr. 121]) the court on April 2, 1965, denied the petition. Defendant has appealed from that denial.

We have concluded that the superior court lacked jurisdiction to determine the merits of defendant's petition[1] and that the proper tribunal for its adjudication was the appellate

---

[1]Penal Code section 1265 provides: "[I]f a judgment has been affirmed on appeal no motion shall be made or proceeding in the nature of a petition for a writ of error coram nobis shall be brought to procure the vacation of said judgment, except in the court which affirmed the judgment on appeal. When a judgment is affirmed by a district court of appeal and a hearing is not granted by the Supreme Court, the application for the writ shall be made to the district court of appeal."

department of the superior court.[2] We therefore do not reach defendant's substantive contentions.

Before the amendment of Penal Code section 1265 in 1949 a defendant could appropriately file his petition for writ of error *coram nobis* in the trial court in which he had been convicted. (Witkin, Cal. Criminal Procedure (1963) § 628, p. 618.) As amended in 1949, however, Penal Code section 1265 specified that after affirmance of a judgment on appeal, a petition in the nature of a writ of error *coram nobis* must be brought in the court which affirmed the judgment. ▆ The issue narrows to whether, in the instance in which the appellate department of a superior court has affirmed a judgment of conviction rendered in a municipal court, the defendant must seek relief in the nature of *coram nobis* in the superior court or in the appellate department of the superior court.

Despite defendant's contrary contention, an appellate department of a superior court, which exercises only limited jurisdiction (see Const., art. VI, § 5), may properly consider a petition for writ of error *coram nobis*. The appellate department comprises the tribunal which in the instant case heard the appeal; it affirmed the conviction. The petition for writ of error *coram nobis* operates as a part of the proceedings of the original case; it does not introduce a new or separate adversary proceeding. (*In re Paiva* (1948) 31 Cal.2d 503, 510 [190 P.2d 604]; *People* v. *Sparks* (1952) 112 Cal.App.2d 120 [246 P.2d 64].) In *People* v. *Sica* (1953) 116 Cal.App.2d 59 [253 P.2d 75], the court held: "A careful reading of article VI, section 5, discloses no intimation that an application in the nature of a writ of error *coram nobis* belongs to that class of proceedings over which original jurisdiction is vested in the superior court." (*Id.* at p. 61.) Hence the appellate department of the superior court would not exceed its jurisdiction in adjudicating a petition for writ of error *coram nobis* brought by a defendant whose conviction that court has affirmed on appeal.

We cannot conceive that the Legislature, in amending section 1265, could have intended to designate any other tribunal, in such a case as the instant one, than the appellate department for adjudication of a petition for a writ of *coram nobis*. The Legislature specified that the court which affirmed the judgment *on appeal* should entertain the writ. Theoretically,

[2]Since only one superior court judge ruled on the petition, the appellate department clearly did not do so. (See Code Civ. Proc., § 77.)

as we have stated, the appellate department retained the jurisdiction to dispose of the petition as a step in the post-appellate process. Finally, the opposing thesis that the superior court should instead be deemed the appellate tribunal under section 1265 leads to the anomalous result that a single superior court judge could serve as the reviewing court for the three-judge appellate department. The Legislature established an *appellate* department to exercise *appellate* powers. (Code Civ. Proc., § 77; see Const., art. VI, § 5.) The Legislature in referring to the court "which affirmed . . . on appeal" must have meant that appellate tribunal and not the superior court.

Although defendant rests for support upon *Thomasian* v. *Superior Court* (1953) 122 Cal.App.2d 322 [265 P.2d 165], we point out the distinguishing characteristics of that case. There, the defendant in an action in the municipal court had filed a petition for writ of review with the Superior Court of the City and County of San Francisco to annul certain orders issued by the municipal court. Accepting jurisdiction, the appellate department granted the petition for writ of review. The District Court of Appeal held that the petition for writ of review initiated an original proceeding which invoked the general powers of the superior court. Thus the opinion states: "We have here a picture of a distinct and separate department of the superior court (a species of entity) with jurisdiction . . . limited to the consideration of 'appeals' from the municipal court not requiring a retrial, hence not embracing jurisdiction to review a municipal court judgment through the medium of an original proceeding." (P. 331.)

To the extent that *Thomasian* recognizes that an appellate department and the superior court constitute separate entities, it supports the position which we develop here. The case does not, however, pass upon the nature of *coram nobis* proceedings or the application of section 1265 to a judgment affirmed by the appellate department in such an instance.

■ Having concluded that the superior court lacked the jurisdiction to entertain defendant's petition, we undertake for the sake of clarification a discussion of a final problem. Upon adjudication of the case by the appellate department what are the avenues of appeal? We have concluded that an appeal may not properly lie with this court or with the District Court of Appeal unless that court should order the case transferred to itself for hearing and decision pursuant to California Rules of Court, rules 61-69 (Const., art. VI, § 4e; Pen. Code, § 1471).

We recognize that the trial court's denial of a petition for writ of error *coram nobis* is an appealable order. (*In re Horowitz* (1949) 33 Cal.2d 534, 537 [203 P.2d 513]; Pen. Code, § 1237, subd. 3.) In the situation in which the petition properly comes before an appellate tribunal in the first instance under Penal Code section 1265, however, a ruling on the petition, as we have pointed out, does not constitute an exercise of original jurisdiction, and a defendant has no further right of appeal.[3]

To hold otherwise would frustrate the purpose of the Legislature in enacting section 1265, which was intended to eliminate the delay in the execution of criminal judgments that had already been affirmed on appeal. (See Witkin, Cal. Criminal Procedure (1963) § 787, p. 761.) Moreover, such a holding would give a misdemeanant convicted in a municipal court a broader right of review of a denial of his petition for writ of error *coram nobis* than a defendant convicted of a more serious crime in the superior court; the former, if his conviction were affirmed by the appellate department, could apply for *coram nobis* in the superior court and then appeal an order of denial to the District Court of Appeal; the latter, if his conviction were affirmed by the District Court of Appeal could not appeal from a denial by the District Court of Appeal of a petition for writ of error *coram nobis*.[4]

The order denying the petition is reversed with directions that the appellate department of the superior court hear and determine the matter.

Traynor, C. J., McComb, J., Peters, J., Peek, J., Mosk, J., and Burke, J., concurred.

---

[3]Similarly a defendant, convicted in a justice court in a county in which the superior court does not include an appellate department, whose conviction is affirmed by the superior court, and who brings a petition for writ of error *coram nobis* in the superior court, can exert no right of appeal from a denial of the petition.

[4]In considering a related problem in *In re Sterling* (1965) 63 Cal.2d 486 [47 Cal.Rptr. 205, 407 P.2d 5], we declined to afford those convicted in inferior courts "more remedies than are available to those charged with more serious crimes. . . ." (*Id.* at p. 490.)