[Crim. No. 10692. In Bank. Sept. 14, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. EDWARD GRIGGS, JR., Defendant and Appellant.

Edward Griggs, Jr., in pro. per., and Don Edgar Burris, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Plaintiff and Respondent.

PETERS, J.—Petitioner applies, pursuant to rule 31(a) of the California Rules of Court, for leave to file a late notice of appeal from an order denying a motion to vacate his judgment of conviction.

The parties have stipulated to the facts. According to the stipulation, petitioner, a parolee, was charged with rape accomplished by force or violence. (Pen. Code, § 261, subd. 3.) He pleaded not guilty, but subsequently he was allowed to plead guilty to assault. (Pen. Code, § 240.) On July 26, 1965, petitioner was sentenced to three months in the county jail. He did not appeal. In September petitioner's parole was revoked, and he was returned to the correctional training facility at Soledad.

On August 5, 1966, petitioner prepared a "motion that judgment be set aside." The motion was mailed from Soledad on August 8 and received by the Los Angeles Superior Court on August 12. The superior court denied the motion on the 12th and mailed a copy of its minute order to petitioner. That order of denial arrived at Soledad on August 17.

Seven days later, on August 24, petitioner sent to the First District Court of Appeal a petition for a writ of error *coram nobis*. The next day the First District returned the petition and instructed petitioner that he should file the petition with the Second District. On August 31 petitioner changed the headings on his petition and forwarded it to the Second District. On September 2 the Second District wrote petitioner that his proper remedy was an appeal from the superior court order denying the motion to set aside his judgment. Petitioner promptly sent the Second District an "appeal" from the denial of his motion. On September 19 the Court of Appeal mailed petitioner a letter stating that his documents were being returned for the reason given in the court's letter of September 2. This letter was received at the prison on September 21. On September 27 petitioner sent the Los Angeles Superior Court a notice of appeal from the August 12 order denying his motion to set aside his judgment of conviction. Upon being advised that his motion was received but not filed, petitioner petitioned the Court of Appeal for relief under rule 31(a). The Court of Appeal denied petitioner the relief sought.

A petition for a writ of *coram nobis* is the equivalent of a motion to vacate a judgment.[1] (*People* v. *Shipman*, 62 Cal.2d 226, 229, fn. 2 [42 Cal.Rptr. 1, 397 P.2d 993]; *People* v. *Adamson*, 34 Cal.2d 320, 325 [210 P.2d 13].) An order denying such a petition is appealable (*People* v. *Allenthorp*, 64 Cal.2d 679, 683 [51 Cal.Rptr. 244, 414 P.2d 372]; *In re Horowitz*, 33 Cal.2d 534, 537 [203 P.2d 513]), but the appeal cannot be taken unless either the petitioner has filed a notice of appeal with the superior court within 10 days of the court's order (*People* v. *Roberts*, 40 Cal.2d 749, 750 [255 P.2d 784]; *In re Horowitz, supra,* at p. 537) or an appellate court has granted the petitioner leave to file a notice of appeal in a different manner (rule 31(a), Cal. Rules of Court). Since petitioner did not file a notice of appeal with the superior

[1]The superior court was the proper court to petition for the writ, because petitioner had not appealed his judgment of conviction. (Pen. Code, § 1265.)

court until September 27 he cannot appeal from the superior court's order of August 12 without leave of the reviewing court.

The first problem involved is whether the *coram nobis* petition of August 24 can be considered a notice of appeal. We think it can. Rule 31(b) of the California Rules of Court requires a liberal construction of what constitutes a notice of appeal. This rule of interpretation has been regularly followed. (*People* v. *Robinson*, 43 Cal.2d 143, 145-146 [271 P.2d 872]; *People* v. *Diaz*, 234 Cal.App.2d 818, 819 [44 Cal.Rptr. 747]; *People* v. *Beaugez*, 232 Cal.App.2d 650, 652 [43 Cal. Rptr. 28]; *People* v. *Jenkins*, 231 Cal.App.2d 928, 930 [42 Cal.Rptr. 373]; *People* v. *Juvera*, 214 Cal.App.2d 569, 571 [29 Cal.Rptr. 653]; *People* v. *Mitchell*, 209 Cal.App.2d 312, 315 26 Cal.Rptr. 89], cert. den. 374 U.S. 845 [10 L.Ed.2d 1065, 83 S.Ct. 1902]; *People* v. *Burroughs*, 200 Cal.App.2d 629, 634 [19 Cal.Rptr. 344]; *People* v. *McDonough*, 198 Cal.App.2d 84, 86-87 [17 Cal.Rptr. 643]; cf. *In re Thornton*, 64 Cal.2d 484 [50 Cal.Rptr. 556, 413 P.2d 156].) Petitioner's petition for *coram nobis* of August 24 specifically stated that it was being filed ''in direct pursuance to'' the superior court's denial of his motion to set aside his judgment of conviction. It also stated that the issues being raised were the same as those raised below. Clearly, petitioner was seeking a review of the superior court's decision. That is all that a notice of appeal must indicate.

Of course, the petition which we hold was a sufficient notice of appeal should have been filed with the superior court. But filing with the Court of Appeal can, under some circumstances, be a proper substitute. (*People* v. *Jackson*, 62 Cal.2d 803, 805-806 [44 Cal.Rptr. 452, 402 P.2d 140]; *People* v. *Johnson*, 61 Cal.2d 843, 846 [40 Cal.Rptr. 708, 395 P.2d 668]; *People* v. *Dykes*, 198 Cal.App.2d 75, 77 [17 Cal.Rptr. 564].) This is such a case. We have held that the motion to set aside the judgment was a petition for *coram nobis*. Had it been a petition for habeas corpus the order denying it would have been nonappealable (Pen. Code, §§ 1506, 1507; *People* v. *Dowding*, 185 Cal.App.2d 274, 277 [8 Cal.Rptr. 208]; *People* v. *Coffman*, 105 Cal.App.2d 164. 168 [233 P.2d 117]; *People* v. *Dunlop*, 102 Cal.App.2d 314, 318 [227 P.2d 281]), and the order could have been challenged only by filing a new petition in the next higher court. Petitioner is a layman, at that time unrepresented by counsel. He should not be charged with knowledge of such procedural matters. Nor should any signifi-

318

cance be attached to the fact that petitioner filed his "notice of appeal" with the wrong district of the Court of Appeal. (Cf. *Knowles* v. *Florida,* 381 U.S. 763 [14 L.Ed.2d 723, 85 S.Ct. 1810].)[2]

The "notice of appeal" here involved was filed within time. It was filed within 10 days of the day when petitioner received the order denying his motion to set aside the judgment of conviction. Ten days is a very short period for deciding on the advisability of an appeal and for preparing the necessary papers (*Boruff* v. *United States* (5th Cir. 1962) 310 F.2d 918, 921), and a prisoner should not have to act in a briefer length of time. ■ Thus, as the Attorney General has conceded here and in *People* v. *Barrozo,* 65 Cal.2d 810 [56 Cal.Rptr. 491, 423 P.2d 563], the period for filing a notice of appeal does not begin to run against a prisoner, whose only contact with the courts is through the mail, until the prisoner receives the order from which he seeks to appeal. In this case the superior court denied petitioner's motion on August 12, but the superior court's order did not arrive at Soledad until August 17. Petitioner's "notice of appeal" was received by the Court of Appeal no later than August 25, or well within the 10 days allowed by rule 31(a).

The Attorney General has stipulated that petitioner may be granted relief if the August 24 petition for *coram nobis* be held to be a timely notice of appeal. We have so held. Petitioner should therefore be granted the 31(a) relief for which he prays.[3] The Clerk of the Los Angeles Superior Court is directed to file the document that was mailed to the court on September 27, 1966, as a notice of appeal, and to take whatever other steps are necessary to perfect that appeal.

It is so ordered.

Traynor, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

---

[2]This does not mean that the First District had jurisdiction of the appeal. It has no direct jurisdiction of appeals from the Superior Court of Los Angeles. (See Gov. Code, § 69102.) But the fact that petitioner filed with the wrong district does not affect our discretionary power (to grant him relief) under rule 31(a).

[3]Although we have granted 31(a) relief, we do not pass upon the question of whether a meritorious appeal here lies from the order denying the petition for *coram nobis.* Normally, a petition for relief under rule 31(a) would be denied if the petition for *coram nobis* did not present a substantial issue reviewable on *coram nobis.* (Cf. *People* v. *O'Neil,* 64 Cal.2d 666, 671-672 [51 Cal.Rptr. 250, 414 P.2d 378].) The substantiality of the issues presented in petitioner's *coram nobis* petition should be determined by the Court of Appeal and not by us, because, by reason of the stipulation, both parties have not briefed or argued those issues.