TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 95-706 |
| of | : | |
| | : | March 20, 1996 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| MAXINE P. CUTLER | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE GARY T. YANCEY, CONTRA COSTA COUNTY DISTRICT ATTORNEY, has requested an opinion on the following question:

Does the appellate department of a superior court have jurisdiction to rule upon a petition for a writ of habeas corpus relating to and in conjunction with an appeal from a municipal court misdemeanor conviction?

CONCLUSION

The appellate department of a superior court does not have jurisdiction to rule upon a petition for a writ of habeas corpus relating to and in conjunction with an appeal from a municipal court misdemeanor conviction.

ANALYSIS

The question presented for analysis concerns the authority of the appellate department of a superior court to consider a petition for a writ of habeas corpus that relates to a pending misdemeanor appeal filed by the writ petitioner. We conclude that an appellate department of a superior court lacks jurisdiction to consider a habeas corpus petition even if it relates to an appeal pending before it.

1.     Habeas Corpus Proceedings in a Superior Court

Section 10 of article VI of the Constitution provides in relevant part:

"The Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in habeas corpus proceedings.  Those courts also have original jurisdiction in proceedings for extraordinary relief in the nature of mandamus, certiorari, and prohibition.

"Superior courts have original jurisdiction in all causes except those given by statute to other trial courts."

Although a petition for a writ of habeas corpus may be filed in the Supreme Court or Court of Appeal, the preferred forum is a superior court.  (Cal. Rules of Court, rule 56(a)(1); *In re Elias* (1962) 209 Cal.App.2d 262, 264.)[1]   A superior court entertains such writs under its general powers as a court of original jurisdiction.   (See *Burris* v. *Municipal Court* (1973) 36 Cal.App.3d 233, 237, fn. 2.)

Any person unlawfully imprisoned may petition for a writ of habeas corpus.  Penal Code section 1473 subdivision (a)[2] provides:  "Every person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint."  The petition seeks to collaterally attack a presumptively final criminal judgment.  Habeas corpus is limited to challenges based on newly discovered evidence, claims going to the jurisdiction of the court, and claims of a constitutional dimension.  (*In re Clark* (1993) 5 Cal.4th 750, 766.)  An evidentiary hearing will be ordered if entitlement to relief depends upon resolution of a factual dispute. (§§ 1473-1511; See *People* v. *Duvall* (1995) 9 Cal.4th 464, 474-479.)

A habeas corpus writ is thus properly filed in a superior court when it raises matters different from the matters raised in an appeal pending before the appellate department of the superior court. (*In re Carpenter* (1995) 9 Cal.4th 634, 646; *People* v. *Schultz* (1992) 5 Cal.App.4th 563, 570 [a trial court has jurisdiction to determine matters that are collateral or supplemental to issues involved in a related appeal].)

The Judicial Council has adopted procedural rules for the various departments of a superior court.  Rule 260 specifies the procedures to be followed in habeas corpus proceedings filed in a superior court; it contains no authorization to file the petition in the appellate department.  No

---

[1]The Supreme Court and Court of Appeal are not equipped to conduct an evidentiary hearing and thus normally appoint a referee to take evidence and make recommendations; alternatively, the proceeding may be transferred to a superior court. (Pen. Code, § 1508; *People* v. *Romero* (1994) 8 Cal.4th 728, 740.)

[2]All references hereafter to the Penal Code are by section number only.

constitutional provision, statute, or rule governing the filing of a petition for a writ of habeas corpus authorizes the filing of the petition in the appellate department of a superior court.

## 2. Appellate Department of a Superior Court

Section 11 of article VI of the Constitution provides:

"The Supreme Court has appellate jurisdiction when judgment of death has been pronounced. With that exception courts of appeal have appellate jurisdiction when superior courts have original jurisdiction and in other causes prescribed by statute.

"Superior courts have appellate jurisdiction in causes prescribed by statute that arise in municipal courts in their counties.

"The Legislature may permit appellate courts to take evidence and make findings of fact when jury trial is waived or not a matter of right."

The Legislature has implemented this constitutional provision in part by enacting Code of Civil Procedure section 77 governing the composition and function of the appellate department of a superior court:

"(a) In every county and city and county, there is an appellate department of the superior court consisting of three judges or, when the Chairperson of the Judicial Council finds it necessary, four judges.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(e) Every appellate department under this section shall have jurisdiction on appeal from the municipal and justice courts within the county or city and county in all cases in which an appeal may be taken to the superior court as is now or may hereafter be provided by law, except such appeals as require a retrial in the superior court. The powers of each appellate department shall be the same as are now or may hereafter be provided by law or rule of the Judicial Council relating to appeals to the superior courts."[3]

The Legislature has also provided specific procedures governing appeals from municipal court judgments and orders in criminal cases. (§§ 1466-1469.) Subdivision (a) of section 1466 provides:

---

[3] All justice courts are now municipal courts. (Cal. Const., art VI, §§ 1, 5; 78 Ops.Cal.Atty.Gen. 151 (1995).)

"An appeal may be taken from a judgment or order of an inferior court in an infraction or misdemeanor case, to the superior court of the county in which the inferior court is located, in the following cases:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(2)   By the defendant:

"(A)   From a final judgment of conviction.   A sentence, an order granting probation, a conviction in a case in which before final judgment the defendant is committed for insanity or is given an indeterminate commitment as a mentally disordered sex offender, or the conviction of a defendant committed for controlled substance addiction shall be deemed to be a final judgment within the meaning of this section.   Upon appeal from a final judgment or an order granting probation the court may review any order denying a motion for a new trial.

"(B)   From any order made after judgment affecting his or her substantial rights."

Section 1469 states:

". . . Upon an appeal by a defendant the court may, without exception having been made in the trial court, review any question of law involved in any ruling, order, instruction, or thing whatsoever said or done at the trial or prior to or after judgment, which thing was said or done after objection made in and considered by the trial court and which affected the substantial rights of the defendant.   The court may also review any instruction given, refused or modified, even though no objection was made thereto in the trial court if the substantial rights of the defendant were affected thereby.   The reviewing court may reverse, affirm or modify the judgment or order appealed from, and may set aside, affirm or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order, and may, if proper, order a new trial.   If a new trial is ordered upon appeal, it must be had in the court from which the appeal is taken."

The Judicial Council has adopted rules pertaining to the appellate departments of superior courts (Cal. Rules of Court, rules 101-108) and specifically pertaining to the filing of appeals from the municipal court in criminal cases (rules 180-191).   No rule allows the appellate department of a superior court to hear habeas corpus petitions.

As authorized and limited by the terms of Code of Civil Procedure section 77, the appellate department of a superior court reviews questions of law in direct appeals from municipal court judgments and orders.   In a direct appeal, the appellate department's function is to review the trial court's judgment with respect to matters contained in the record of the trial proceedings; matters not presented in the record cannot be considered. (See *In re Carpenter*, *supra*, 9 Cal.4th at 646; *In re Hochberg* (1970) 2 Cal.3d 870, 875.)

Specifically, the appellate department of a superior court is separate and distinct from the court's other departments which have original jurisdiction in habeas corpus proceedings. In *Thomasian* v. *Superior Court* (1953) 122 Cal.App.2d 322, 331, the Court of Appeal discussed the appellate department's limited jurisdiction and powers:

> "`The appellate department of the superior court does not have jurisdiction "on such appeals as require retrial in the superior court" [citation], and hence may not render the same or a different order, judgment or decree of its own, but is confined to an affirmance, modification or reversal of the judgment etc. of the trial (in this case municipal) court. If the superior court does not conduct a new trial, but merely affirms or reverses a judgment its appellate jurisdiction is similar to that of any appellate court. [Citation.]'

> "We have here a picture of a distinct and separate department of the superior court (a species of entity) with jurisdiction and powers defined by statute pursuant to express constitutional sanction, limited to the consideration of `appeals' from the municipal court not requiring a retrial, hence not embracing jurisdiction to review a municipal court judgment through the medium of an original proceeding." (Fn. omitted.)

The court further explained:

> "Although each of the judges assigned to an appellate department, just as any other judges of the superior court, may exercise the general powers of the court, it would not seem competent for them in their appellate department capacity to entertain and act upon an original proceeding, as was done in the instant case. . . .

> ". . . The conclusion seems inescapable that the judges participating in the decision were acting in the exercise of the jurisdiction and powers of the appellate department, not in the exercise of the general jurisdiction and powers of the superior court, and that the resultant judgment was rendered by the appellate department in excess of its jurisdiction and void." (*Id.*, at p. 333.)

The court also specifically noted:

> "The constitutional grant of power to issue writs of mandamus, certiorari, prohibition, quo warranto, and habeas corpus still runs to the `superior courts' and `their judges,' not to the appellate department. [Citation.]" (*Id.*, at p. 331, fn.)[4]

---

[4]The appellate department may properly consider a petition for writ of *coram nobis* when it has confirmed a judgment in the same proceeding on appeal. Unlike a habeas corpus proceeding, *coram nobis* operates as part of the appellate proceedings of the original case and does not introduce a new or separate adversary proceeding. (§ 1265; *People* v. *Allenthorp* (1966) 64 Cal.2d 679, 681.)

No constitutional provision, statute, or rule governing appellate departments of superior courts authorizes such departments to hear habeas corpus proceedings, whether related to appeals pending before them or not. The different procedures prescribed for the review of a petition for a writ of habeas corpus and for the hearing of an appeal do not allow for concurrent consideration by the appellate department. (See *People* v. *Zamora* (1980) 28 Cal.3d 88, 98.)

We conclude that the appellate department of a superior court lacks jurisdiction to rule upon a petition for a writ of habeas corpus relating to and in conjunction with an appeal from a municipal court misdemeanor conviction.

\* \* \* \* \*