Filed 1/12/21  P. v. Latchison CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>KENYATTA LATCHISON,<br><br>　　　Defendant and Appellant. | A158850<br><br>(Solano County<br>Super. Ct. No. FCR194512) |

Kenyatta Latchison appeals from the summary denial of his petition for resentencing under Penal Code section 1170.95 (section 1107.95; all citations are to the Penal Code).  Latchison's appellate counsel has filed a brief that raises no issue for appeal and asks this court for an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Appellate courts disagree whether an appeal from the summary denial of a section 1170.95 petition should be subject to *Wende* review.  (Compare *People v. Flores* (2020) 54 Cal.App.5th 266, 269 with *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028–1029, review granted Oct. 14, 2020, S264278.)  We assume without deciding that *Wende* review is available in these proceedings. Having conducted that review, we affirm the order.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying Latchison's convictions are summarized in *People v. Latchison* (Jan. 26, 2006, A108767) [nonpub. opn.] (*Latchison I*).[1]  In October 2001, two-year-old Aryanna H. died while in Latchison's care.  At trial, the prosecution presented evidence Aryanna's death was caused by blunt force head injuries inflicted by Latchison.  The defense presented expert testimony Aryanna died from a rare illness known as cortical venous thrombosis.  In August 2004, the jury convicted Latchison of second degree murder (§ 187 subd. (a)) and assault on a child causing death (§ 273ab).  (*Latchison I*, pp. 1–2.)

On January 7, 2019, Latchison filed a pro per petition for resentencing under section 1170.95 and Senate Bill No. 1437.  The People filed a response, arguing that Latchison failed to make a prima facie showing he was eligible for resentencing and pointing out to the court that "defendant was the actual killer."

On February 6, 2019, the superior court issued an order appointing counsel for Latchison and scheduling an initial hearing at which Latchison's appearance was waived.  On February 27, the matter was continued to afford defense counsel additional time to review the People's response.  At the continued hearing, held on March 1,  defense counsel acknowledged that Latchison had been convicted of murder on a theory that he was the perpetrator of the crime.  The trial court denied the resentencing petition, finding that Latchison failed to make a prima facie case for relief.

On September 16, 2019, Latchison filed a pro per notice of appeal.  On this notice, Latchison stated he was appealing an order that was "[a]llegedly"

---

[1]  We have granted Latchison's request to take judicial notice of the appellate record in *Latchison I*.

made on March 1, 2019.  Latchison explained he was "still" waiting to get information from his counsel, who had promised to "take care of" things, and he was filing a notice of appeal "just in case."  Latchison stated that after his counsel had made " 'conflicting' remarks" about his case, he was told on March 26 that his petition was denied, but he never received "a copy."  Latchison was also told that his counsel would take care of his appeal, but he never received "confirmation."

In November 2019, Latchison's appointed appellate counsel filed a motion for an order deeming this appeal timely under *People v. Griggs* (1967) 67 Cal.2d 314 (*Griggs*) and under the doctrine of constructive filing.  The People opposed the motion, arguing that the doctrine of constructive filing did not apply because Latchison failed to establish that he made a timely request for his trial counsel to file a notice of appeal on his behalf.  On February 10, 2020, this court granted Latchison's motion to "deem [his] notice of appeal as timely . . . without prejudice" to reconsidering the issue with the merits of the appeal.

## DISCUSSION

The *Wende* brief filed by appellant's counsel does not draw our attention to any issues under *Anders v. California* (1967) 386 U.S. 738, 744.  Latchison was appraised of his right to file a supplemental brief and to request to have his counsel relieved (*People v. Kelly* (2006) 40 Cal.4th 106, 110), but he did neither.  Following *Wende* guidelines, our independent review discloses no issue requiring further briefing.

Latchison's motion to deem his notice of appeal as timely was based on *Griggs*, which holds that "the period for filing a notice of appeal does not begin to run against a prisoner, whose only contact with the courts is through the mail, until the prisoner receives the order from which he seeks to appeal."

(*Griggs, supra*, 67 Cal.2d at p. 318.)  The motion was granted without prejudice to reconsideration of the issue, which the People have elected not to seek.

On the merits, Latchison filed his superior court petition under Senate Bill No. 1437 and section 1170.95.  Senate Bill No. 1437 was enacted pursuant to a legislative finding that "[i]t is necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1.)  Accordingly, Senate Bill No. 1437 amends "section 188, which defines malice aforethought, and section 189, which addresses felony-murder liability.  (Stats. 2018, ch. 1015, §§ 2, 3.)"  (*People v. Alaybue* (2020) 51 Cal.App.5th 207, 212–213 (*Alaybue*).)

Senate Bill No. 1437 also added section 1170.95, "which allows '[a] person convicted of felony murder or murder under the natural and probable consequences theory' to petition the sentencing court to vacate the murder conviction" when specified conditions are met.  (*Alaybue, supra,* 51 Cal.App.5th at p. 213.)  As its terms reflect, section 1170.95 does not apply to a person who was convicted of personally committing murder based on evidence he or she was the actual killer.  (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899, review granted Aug. 12, 2020, S263219; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410.)

In the present case, the record in *Latchison I* shows that Latchison was not convicted of felony murder or murder under the natural and probable consequences doctrine.  His murder conviction was based on evidence that he

4

personally killed Aryanna. Where the record shows that a petitioner was not charged or convicted under the felony murder rule or natural and probable consequences doctrine, summary denial of a section 1170.95 petition is proper. (*People v. Edwards* (2020) 48 Cal.App.5th 666, 674–675, review granted July 8, 2020, S262481.)

The appellate record does not disclose what evidence was before the superior court when it denied Latchison's petition. We note that our Supreme Court has yet to decide whether a trial court can rely on a record of conviction to support a finding that a petition failed to make a prima facie case for relief under section 1170.95. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted March. 18, 2020, S260598.) Even if the court erred by summarily denying Latchison's petition on the evidence presented, Latchison cannot demonstrate prejudice, because the documents we have judicially noticed establish as a matter of law that Latchison is not eligible for relief under section 1170.95.

## DISPOSITION

The order is affirmed.


TUCHER, J.


WE CONCUR:

POLLAK, P. J.
STREETER, J.




*People v. Latchison* (A158850)


5