Filed 3/1/21  P. v. Kersting CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MORRIS KERSTING,<br><br>    Defendant and Appellant. | A159901<br><br>(Solano County<br>Super. Ct. No. FC 18026) |

Morris Kersting appeals from an order summarily denying his petition under Penal Code[1] section 1170.95, which permits a person convicted of felony murder or murder under a natural and probable consequences theory to seek resentencing.  Kersting's appellate counsel filed a brief asking this court to conduct an independent review of the record for arguable issues, and Kersting was informed that he could file a supplemental brief but did not do so.  We affirm.

I.
BACKGROUND

"Effective January 1, 2019, Senate Bill [No.] 1437 [(2017–2018 Reg. Sess.) (Senate Bill No. 1437) (Stats. 2018, ch. 1015)] amended murder liability under the felony-murder and natural and probable consequences

---

[1] All further statutory references are to the Penal Code.

theories. The bill redefined malice under section 188 to require that the principal acted with malice aforethought. Now, '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3).)" (*People v. Turner* (2020) 45 Cal.App.5th 428, 433.) The bill also amended section 189 to provide that a defendant who was not the actual killer and did not have an intent to kill is not liable for felony murder unless he or she "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).)

Senate Bill No. 1437 also enacted section 1170.95, which authorizes "[a] person convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts" so long as three conditions are met: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).) Any petition that fails to make "a prima facie showing that the petitioner falls within the provisions of [section 1170.95]" may be denied without an evidentiary hearing. (§ 1170.95, subds. (c) & (d).)

In February 2019, Kersting filed a petition under section 1170.95, averring that in 1985 he was convicted at trial of second degree murder on a

theory of felony murder or under the natural and probable consequences doctrine and could no longer be convicted of murder because of changes to the law made by Senate Bill No. 1437.  He also requested that counsel be appointed, and the trial court appointed an alternate public defender to represent him.

A few months later, the prosecution filed a response to the petition, arguing that Kersting failed to make a prima facie showing that he was eligible for resentencing.  Specifically, the prosecution contended that Kersting "acted with the intent to kill and/or was a major participant who acted with reckless indifference to human life" because he "[held] down the victim while others stabbed him to death."[2]

At a hearing on the petition in late September 2019, Kersting's counsel stated he had read the trial transcript and had not "seen anything that suggests Mr. Kersting does qualify for relief under [section] 1170.95."[3] Noting that he still had some materials to review, however, counsel asked the trial court to find, without prejudice, that Kersting had not made a prima facie showing of entitlement to relief.  The court agreed and dismissed the petition on that ground without prejudice.  The record does not reflect that any further action was taken on the petition below.

## II.
### DISCUSSION

### A.    Kersting's Notice of Appeal Was Timely.

Initially, we address the timeliness of Kersting's notice of appeal.  The trial court's order denying the petition was filed on September 30, 2019, after

---

[2] No other facts about the murder are mentioned in our record.

[3] Earlier that month, Kersting had filed another section 1170.95 petition in which he made the same claims raised in his original petition.

the hearing mentioned above (at which Kersting was not present).  Several months later, Kersting sent a letter inquiring about the petition's status, which the trial court received on February 3, 2020.  The following month, Kersting filed a notice of appeal from the September 2019 order, noting he had received notice of the petition's denial on February 12, 2020.  The notice of appeal was filed on March 9, 2020.

A notice of appeal in a criminal case generally must be filed within 60 days after "the making of the order being appealed."  (Cal. Rules of Court, rule 8.308(a).)  Kersting's appellate counsel contends that the notice of appeal was nonetheless timely based on principles applying to prisoners, and the Attorney General has not sought to dismiss the appeal.  We agree that the appeal was timely filed.  "[T]he period for filing a notice of appeal does not begin to run against a prisoner, whose only contact with the courts is through the mail, until the prisoner receives the order from which [the prisoner] seeks to appeal."  (*People v. Griggs* (1967) 67 Cal.2d 314, 318.)  Here, the record indicates that Kersting did not learn of the petition's denial until mid-February 2020, and he filed the notice of appeal less than a month later.  Accordingly, the notice was timely under *Griggs*.

B.      *No Arguable Issues Appear in the Limited Record Before Us.*

A defendant appealing from the summary denial of a section 1170.95 petition is not entitled to an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Rather, as numerous "federal and California opinions have repeatedly and consistently held[,] . . . an appellate court's obligation to conduct an independent review of the record only applies when appointed counsel raises no arguable issues in a criminal defendant's *first appeal as a matter of right*."  (*People v. Flores* (2020) 54 Cal.App.5th 266, 271.)

4

Accordingly, instead of seeking *Wende* review, Kersting's appellate counsel contended that this court "*should* conduct an independent review of the record for arguable issues" under *Flores*. *Flores* determined that, in the interests of justice, "an appellate court can and should independently review the record on appeal when an indigent defendant's appointed counsel has filed a *Wende* brief in a postjudgment appeal from a summary denial of a section 1170.95 petition." (*People v. Flores, supra*, 54 Cal.App.5th at pp. 273–274; accord *People v. Gallo* (2020) 57 Cal.App.5th 594, 599.) Other decisions, however, have declined to conduct an independent review as a matter of course. Rather, they have concluded that if counsel files a no-issues brief, the better procedure is to provide an opportunity to file a supplemental brief and, if the defendant does not do so, dismiss the appeal as abandoned without conducting an independent review. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278; accord *People v. Figueras* (Feb. 22, 2021, C089228) __ Cal.App.5th __ [pp. 4–5]; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1129–1130.)

Here, we need not decide what our normal course will be when appellate counsel files a no-issues statement in an appeal from the summary denial of a section 1170.95 petition. The limited record before us contains almost no information about Kersting's conviction or the underlying crime, much less any hint that Kersting was convicted based on a now-invalid theory of murder. Moreover, the trial court denied the petition at Kersting's counsel's request. Thus, it poses little additional burden on us to conduct an independent review in this case. (Cf. *People v. Scott, supra*, 58 Cal.App.5th at pp. 1133–1135.) Having done so, we conclude that no arguable issues exist.

5

## III.
### DISPOSITION

The September 30, 2019 order denying Kersting's section 1170.95 petition is affirmed.

_____

Humes, P.J.


WE CONCUR:



_____

Margulies, J.



_____

Sanchez, J.









*People v. Kersting*  A159901


7