[Crim. No. 4785. Fifth Dist. Dec. 17, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH JUNIOR GAGE, Defendant and Appellant.

## Counsel

Paula F. Schmidt, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Nancy L. Sweet, Theodora Poloynis-Engen and David F. DeAlba, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

STONE (C. V.), J.*—Appellant was convicted by a jury trial in 1979 of a violation of Penal Code section 12021, subdivision (a), an ex-felon in possession of a firearm. He appeals from the judgment of conviction. We affirm.

On December 9, 1969, appellant appeared in court with counsel and entered a plea of guilty to a robbery (Pen. Code, § 211a). The minute order reads as follows: "The defendant present in Court with Counsel. With the consent of the Deputy District Attorney the defendant entered a plea of guilty to the crime of Robbery, Section 211A Penal Code without the armed clause. The defendant having entered a plea of guilty under section 859a Penal Code, is hereby certified to Superior Court

---

*Assigned by the Chairperson of the Judicial Council.

for sentencing. The defendant remanded to the custody of the Sheriff. Done in open court this 9th day of December, 1969." No further record of the hearing can be located. The reporter's notes were apparently destroyed under the Kern County Superior Court's policy of ordering the destruction of reporter's notes after a period of 10 years.

Appellant was sentenced to prison. A fellow inmate filed at least one writ on appellant's behalf. We do not know the contents of the writ. Appellant did not challenge his conviction by direct appeal. The factual background of appellant's present arrest and conviction are not pertinent to the issues raised on appeal. Appellant was arrested pursuant to an unrelated warrant and a loaded 32-caliber pistol was found in his sock.

A three-count information filed in Kern County Superior Court on September 11, 1979, charged appellant with (1) having been an ex-felon in possession of a firearm (Pen. Code, § 12021, subd. (a)); (2) carrying a concealed weapon without a license (Pen. Code, § 12025); and (3) carrying a loaded firearm in a public place (Pen. Code, § 12031, subd. (a)). The information also alleged a prior separate prison term for enhancement of the first two counts (Pen. Code, § 667.5, subd. (b)). At his September 13, 1979, arraignment, appellant pleaded not guilty to all counts and denied all priors.

Appellant filed a motion to strike the prior robbery conviction upon which ex-felon status was based, urging that the record of his 1969 guilty plea did not alternatively reflect waiver of his right to jury trial, against self-incrimination, and to confront witnesses, as required by *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709] and *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]. The People filed a response on November 20, 1979. At a hearing held on the motion, appellant introduced the 1969 minute order and testified that he had entered the 1969 guilty plea. He did not recall having been asked by the judge if he waived his *Boykin-Tahl* rights and was unaware then that he had such rights. He further testified that he was represented by the public defender's office and was told to plead guilty so that the judge would go easy on him. The court denied the motion to strike.

Jury trial began on December 11, 1979. After jury selection, appellant again moved to strike the prior robbery conviction; the motion was

denied. However, the court granted the People's motion to dismiss the enhancement priors alleged in counts I and II and their motion to dismiss count III in its entirety. Prior to jury instruction, the court granted the People's motion to dismiss count II of the information.

After brief deliberation, the jury found appellant guilty on the remaining count—ex-felon in possession of a firearm. On January 9, 1980, the court sentenced appellant to the middle term of two years. Probation was denied. The court additionally denied "good time/work time" credits. (Pen. Code, § 4019, subd. (b).)

Appellant contends that the court committed reversible error in denying his motion to strike the 1969 conviction. The Attorney General has responded in the alternative that the appellant may not raise as a defense to Penal Code section 12021, subdivision (a), the invalidity of the underlying felony conviction because (1) appellant has waived that right, and (2) the validity of the prior conviction did not affect appellant's status as an ex-felon at the time he possessed the weapon for purposes of the statute.

We find that respondent's first contention is dispositive of the issue on appeal and will confine our remarks to the question of "waiver."

Appellant below sought to eliminate the predicate prior by a noticed motion to strike the prior "robbery" conviction. The Supreme Court in *People* v. *Coffey* (1967) 67 Cal.2d 204 [60 Cal.Rptr. 457, 430 P.2d 15] discussed collateral attacks on final judgment as follows: "... it is clearly in the interest of efficient judicial administration that attacks upon the constitutional basis of prior convictions be disposed of at the earliest possible opportunity .... We are further of the view that the procedure here sought to be utilized, to wit, a motion to strike the prior before trial, is a proper method by which to raise the issue and initiate proceedings to determine the constitutional validity of the prior conviction." (*Coffey, supra*, at p. 215, fn. omitted.)

We see no logical reason why an appellant who selects a "motion to strike" to attack a prior should be any less diligent than the appellant who chooses a "motion to vacate" writ of *coram nobis* or writ of habeas corpus.

Witkin, in discussing *coram nobis*, states: "But many cases have pointed out that the remedy is, in effect, merely a motion to vacate the

judgment, and might appropriately be so designated." (Witkin, Cal. Criminal Procedure, § 627, p. 617.) ■ A motion to vacate a judgment is the legal equivalent of a proceeding for a writ of error *coram nobis.* (*People* v. *Griggs* (1967) ·67 Cal.2d 314, 316 [61 Cal.Rptr. 641, 431 P.2d 225]; *People* v. *Painter* (1963) 214 Cal.App.2d 93, 96 [29 Cal.Rptr. 121].)

A defendant who moves in *coram nobis* to set aside a judgment has the burden of producing convincing proof of a fact that constitutes a legal ground for setting aside the judgment. "It is well settled that a showing of diligence is prerequisite to the availability of relief by motion for *coram nobis.* [Citations.] One who applies for a writ of *coram nobis* upon a ground such as the one here presented must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ . . . ." (*People* v. *Shorts* (1948) 32 Cal.2d 502, 512-513 [197 P.2d 330]; see *People* v. *Painter, supra,* 214 Cal.App.2d 93, 97.) "A defendant who seeks to vacate a judgment of conviction must not only allege the probative facts upon which he bases his claim, but he must also allege the time and circumstances under which such facts are discovered, in order to determine whether the petitioner has proceeded with due diligence. [Citations.]" (*People* v. *Phillips* (1968) 263 Cal.App.2d 423, ·428 [69 Cal. Rptr. 675].)

In *In re Watkins* (1966) 64 Cal.2d 866 [51 Cal.Rptr. 917, 415 P.2d 805], the petitioner sought a writ of habeas corpus or *coram nobis* on a claim that his plea of guilty was fraudulently induced by the public defender. The Supreme Court found that petitioner was not entitled to *coram nobis* relief. "Since petitioner has waited nearly eight years before seeking relief on this ground and has offered no explanation for the delay, this petition for a writ of error *coram nobis* would have to be dismissed even if it had been brought in the proper court." (*Id.,* at p. 872.)

In *In re Walker* (1974) 10 Cal.3d 764 [112 Cal.Rptr. 177, 518 P.2d 1129], appellant was successful in the trial court in setting aside a 1947 murder conviction by habeas corpus. The People appealed from the order granting the writ. The Supreme Court reversed. "The general rule is that 'habeas corpus cannot serve as a substitute for appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment

of conviction.' [Citations.]" (*Id.*, at p. 773.) The court further stated, "It is also the rule that 'a convicted defendant must fully disclose his reasons for delaying in the presentation of' the facts upon which he would have a final judgment overturned." (*Id.*, at p. 774.)

In *In re Ronald E.* (1977) 19 Cal.3d 315 [137 Cal.Rptr. 781, 562 P.2d 684], the Supreme Court held that the failure to diligently seek appellate review from a judgment, absent special circumstances for such failure, precludes habeas corpus relief from the judgment. In that case, a juvenile sought habeas corpus relief from the first of several orders committing him to the California Youth Authority. He contended he had admitted allegations in the first petition filed against him without having been advised of *Boykin-Tahl* rights. He had not sought direct review of the commitment order. The court stated: "The People concede that at the initial jurisdictional hearing in 1971 there was no compliance with *Boykin-Tahl* requirements. We are of the view, however, that petitioner is no longer entitled to raise on petition for the writ of habeas corpus the issue of improprieties in proceedings resulting in detention which he has accepted without timely challenge. We can only assume that petitioner was not unduly distressed by detentions in juvenile hall, in foster homes and in parental custody and that he elected to waive any constitutional defect in such detentions. Petitioner, moreover, fails to explain his neglect to challenge promptly the validity of any of such commitments, the last of which was ordered in 1973 approximately four years after *Boykin.* He does not assert, for instance, that his failure to challenge such claimed improprieties was predicated on a lack of knowledge of his constitutional rights at a time when he might have made a timely challenge. Petitioner cannot now resort to habeas corpus proceedings as a substitute for his failure to take expeditious appeals, absent special circumstances constituting an excuse for such failure. (*In re Walker* (1974) 10 Cal.3d 764, 773 . . . .) In view of such lack of diligence on petitioner's part we conclude that he has waived the constitutional defects he now claims in the initial wardship proceedings and proceedings pursuant to the first and second supplemental petitions. (*In re Swain* (1949) 34 Cal.2d 300, 304 . . . .)" (*In re Ronald E., supra,* 19 Cal.3d at pp. 321-322.)

In *People* v. *Davis* (1980) 103 Cal.App.3d 270 [163 Cal.Rptr. 22], appellant contended the trial court erred in denying his motion to strike his prior robbery conviction where the record failed to demonstrate on its face that when he entered his guilty plea he was advised of or personally waived his constitutional rights. The court concluded that

appellant had waived his right to assert that issue for lack of "diligence," stating: "Just as [appellant] could not now resort to habeas corpus relief as a substitute for appeal absent special circumstance constituting excuse for such failure where the claimed error could have been, but was not, raised upon the timely appeal from the judgment of conviction [citations], he may not do so now for lack of due diligence." (*Id.*, at p. 276.)

In *People* v. *Orozco* (1981) 114 Cal.App.3d 435 [170 Cal.Rptr. 604], the court relied upon *In re Ronald E.* in holding that a motion to strike a prior was foreclosed by appellant's failure to make a showing that "he had ever attempted to attack or set aside the judgment of conviction in a timely or appropriate manner, or that he had any excuse for failing to do so." (*Orozco, supra*, at p. 446.)

In the present case, there is no record of direct appeal and, although appellant testified that a fellow inmate may have filed a writ on his behalf, there is no record of the writ. The record is equally barren of any assertion by appellant as to why he waited 10 years to attack the prior conviction.

The burden must be on the moving party in a motion to strike to demonstrate any special circumstances that excuse his failure to take an expeditious appeal. The reason for such a rule is obvious. In this case, the records the court might have examined in determining appellant's claims on direct appeal are not now available. Only the appellant can explain his long silence and he has failed to do so.

We find that the appellant's lack of diligence and his failure to show special circumstances that would explain that delay have foreclosed his right to collateral attack.

Appellant contends, and respondent concedes, that he is entitled to good time/work time credits pursuant to Penal Code sections 2900.5 and 4019. The Supreme Court decision in *People* v. *Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874] holds that equal protection compels such conduct credits.

The judgment is affirmed. The Department of Corrections is directed to determine presentence conduct credits to which appellant is entitled

upon appellant's application for administrative determination of such credits.

Franson, Acting P. J., and Andreen, J., concurred.